**Honorato L. LARUAN, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91-2.**

United States Court of Veterans Appeals.

Jan. 19, 1993.

Honorato L. Laruan, pro se.

James A. Encicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the pleadings, for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

IVERS, Associate Judge:

Honorato L. Laruan appeals from a November 26, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied his claim for pension benefits. The BVA denied appellant's claim on the grounds that "appellant's enlistment as a New Philippine Scout is considered qualifying service under the provisions of Public Law 190 of the 79th Congress" but that "disability pension is payable only to those who served as commissioned officers." *Honorato L. Laruan*, BVA 90-40239, at 3 (Nov. 26, 1990). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)). Because the Court finds no error in the Board's findings of fact or application of the law in this case, we affirm the decision of the BVA.

■ Appellant served as a private, first class, in the Philippine Scouts from April 1946 to March 1949. R. at 1, 3. Under section 14 of Public Law No. 79-190, effective October 6, 1945, the enlistment and

reenlistment of Philippine citizens into the Armed Forces of the United States during the period from October 6, 1945, until June 30, 1947, with the consent of the Philippine President, was authorized. *See* 38 U.S.C. § 107(b); 38 C.F.R. § 3.8(b) (1991). These individuals are often called the "Special" or "New" Philippine Scouts, as distinguished from the "Regular" or "Old" Philippine Scouts who enlisted in the United States Armed Forces before October 6, 1945. *See* 38 C.F.R. § 3.8(a); *see also* Department of Veterans Affairs Adjudication Procedure Manual, M21–1, paras. 35.01b, 35.08b. Entitlement to Veterans' Administration (now Department of Veterans Affairs) (VA) benefits for "New" Philippine Scouts is limited to those benefits specified in section 107(b) of title 38, United States Code. That section provides in pertinent part as follows:

§ 107. **Certain service deemed not to be active service.**

. . . .

(b) Service in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 shall *not* be deemed to have been active military, naval, or air service for the purposes of any of the laws administered by the [Department of Veterans Affairs] except—

. . . .

(2) chapters 11 and 13 ... of this title.

38 U.S.C. § 107(b) (emphasis added). Chapters 11 and 13 of title 38 provide for "Compensation for Service–Connected Disability or Death" and "Dependency and Indemnity Compensation for Service–Connected Deaths," respectively. Thus, under the law, members of the New Philippine Scouts may be eligible for service-connected compensation but are not eligible for nonservice-connected pension.

■ Under the authority of 38 U.S.C. § 107, the Secretary of Veterans Affairs promulgated the following regulation with regard to the New Philippine Scouts:

§ 3.8 **Philippine and Insular Forces.**

. . . .

(b) *Other Philippine Scouts.* Service of persons enlisted under section 14, Pub.L. 190, 79th Congress (Act of Octo-

ber 6, 1945), is included for compensation and dependency and indemnity compensation.... All enlistments and reenlistments of Philippine Scouts ... between October 6, 1945, and June 30, 1947, inclusive were made under the provisions of Pub.L. 190 as it constituted the sole authority for such enlistments during that period. This paragraph does not apply to officers who were commissioned in connection with the administration of Pub.L. 190.

38 C.F.R. § 3.8(b) (1991). Although not relevant to the facts of this case given that appellant here was not an officer, the Court notes that, unlike the statute, the regulation distinguishes between officers and enlisted personnel. *See* Adm'r Decision, No. 778, 2 A.D.V.A. 209 (1948) (holding that restrictions as to VA benefits available to Philippine Scouts who enlisted and served pursuant to section 14 of Pub.L. 190 are not applicable to officers who were commissioned in connection with the administration of Pub.L. 190).

The BVA's statement that "appellant's enlistment as a New Philippine Scout is considered qualifying service" is correct in the sense that appellant's service, which began with his enlistment in April 1946 and was therefore between the dates specified in the statute and regulation, *qualifies* him as having served as a New Philippine Scout. However, the BVA's holding that appellant is not entitled to pension under either the statute or the regulation is also correct. Therefore, the Court holds that the BVA did not err in determining that, under the provisions of 38 U.S.C. § 107(b), in combination with 38 C.F.R. § 3.8(b), the type of service rendered by appellant is excluded from entitlement to non-service-connected pension. Accordingly, we AFFIRM the November 26, 1990, decision of the BVA.