# United States Court of Appeals for the Federal Circuit

05-7060

JOHN E. VORACEK,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellant.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Jeffrey S. Pease, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel and James T. Dehn, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was James W. Poirier, Trial Attorney, Commercial Litigation Branch, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

05-7060


JOHN E. VORACEK,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.


_____

DECIDED:  August 22, 2005

_____


Before MICHEL, Chief Judge, LOURIE and PROST, Circuit Judges.

Opinion for the court filed PER CURIAM.  Concurring opinion filed by Chief Judge MICHEL.

PER CURIAM.

John E. Voracek ("Voracek") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying his claim for an earlier effective date for his total disability based on post-traumatic stress disorder ("PTSD").  Voracek v. Principi, No. 00-1574 (Vet. App. May 13, 2004).  The appeal was submitted after oral argument on July 7, 2005.  Because the Veterans Court correctly found that Voracek's Statement in Support of Claim ("SSC") was not "material" evidence under 38 C.F.R. § 3.156(b) filed in connection with his original claim, we conclude that Voracek is not

entitled to reopen his original claim or to have an effective date of September 10, 1992 for his 100 percent disability rating for service connected PTSD. Accordingly, we affirm the decision of the Veterans Court.

## I.    BACKGROUND

Voracek served on active duty in the U.S. Marine Corps in Vietnam from September 1962 to October 1966. On September 10, 1992, Voracek filed a claim for disability compensation for service connected PTSD. In November 1992, he completed a Veterans Administration ("VA") social and industrial survey and related a history of Vietnam-related stressors as well as a difficult family life during childhood. In December 1992, Voracek was examined by a VA appointed doctor, who diagnosed him with mild PTSD. On March 30, 1993, the Oregon Department of Veterans Affairs Regional Office ("RO") awarded disability compensation to him at a ten percent rating effective as of September 10, 1992, the date of his original claim ("March 1993 Decision").

Slightly less than one year later, on March 24, 1994, Voracek informed the RO that his disability had "worsened." Specifically, his SSC was limited to the following paragraph:

> I wish to re-open my claim for PTSD as I feel this condition has worsened. I go to the Portland [Veterans] Center for counseling on a weekly basis as to the problems I am having because of the PTSD. Please contact them for my counseling records to verify this.

Voracek did not submit any evidence accompanying his SSC.

In September 1994, Voracek provided the RO with an undated letter from a readjustment counseling therapist at the Portland Veteran's Center, reporting that Voracek had been in counseling since May 13, 1993 and had attended forty-one counseling sessions. The therapist stated that Voracek "is severely impaired in his

ability to socialize, [and that] his ability to maintain employment is also severely impaired."

In December 1994, Voracek was given another survey, which revealed that Voracek was significantly impaired both socially and vocationally due to his anger and inability to cope with authority figures. In May 1995, the RO increased Voracek's disability rating from ten to thirty percent effective March 24, 1994 ("May 1995 Decision"). In June 1995, Voracek filed a Notice of Disagreement ("June 1995 NOD") following that decision to contest the effective date. In July 2000, after appealing to the Board, he eventually secured a 100 percent rating effective March 24, 1993. The Board reasoned that the record showed Voracek was unable to retain employment due to his PTSD as of one year before the date of his SSC, which Voracek filed on March 24, 1994. It declined, however, to assign an effective date of September 10, 1992, because the Board concluded that Voracek did not submit a timely NOD following the March 1993 Decision:

> Although the veteran's [SSC] was filed within one year of the issuance of the March 1993 rating decision . . . this statement was a claim for increase and was not an NOD. This is illustrated by his statement specifying that he wanted his claim [reopened] because his PTSD had worsened. He did not specify that he wanted it [reopened] because he disagreed with the March 1993 rating decision. . . . Thus, [Voracek's] March 24, 1994 statement was correctly found to be a claim for increase by the [VA].

Voracek appealed to the Veterans Court.

## C.    Veterans Court Proceedings

Voracek claimed that the Board erred in failing to consider his SSC as "new and material" evidence under 38 C.F.R. § 3.156(b) filed in connection with his original claim. Voracek, slip op. at 4. The Veterans Court observed that § 3.156(b)(1) allows new and

material evidence to be presented before the expiration of the appeal period and provides that such evidence will be considered as having been filed in connection with the claim that was pending at the beginning of the appeal period. Id., slip op. at 7. Nevertheless, the Veterans Court found that Voracek's SSC alone, without any supporting evidence submitted within the one-year appeal period, did not qualify as new and material evidence. Id. It also found that the evidence Voracek eventually submitted in September 1994, six months after the one-year appeal period had expired, was not relevant to his condition during the period from September 1992, the date he filed his original claim, to March 1993, the date he was awarded service connection. Id., slip op. at 8. The Veterans Court stated that even if such evidence had been presented during the one-year appeal period, it would not have been relevant to establishing an effective date before March 1993. Id. It agreed with the Board that Voracek's condition had worsened only after March 1993. Hence, the Veterans Court concluded that Voracek was not entitled to an effective date of September 1992 for his 100 percent disability rating for service connected PTSD. Id.

Voracek timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## II.    DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. See 38 U.S.C. § 7292 (2000); Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented

and necessary to a decision." 38 U.S.C. § 7292(c). We may not review findings of fact or the application of law to the facts, except to the extent that an appeal presents a constitutional issue. Id. § 7292(d)(2); Bustos v. West, 179 F.3d 1378, 1380 (Fed. Cir. 1999).

We may set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) relied upon in the decision of the Veterans Court only if we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (4) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

Voracek argues that the Veterans Court erred in rejecting his SSC as "new and material" evidence under § 3.156(b) in connection with his original disability claim. He asserts that the Veterans Court misinterpreted § 3.156(b) and erroneously imposed an added requirement that "new and material" evidence must be something other than an applicant's own statement. Additionally, Voracek contends that the definition for "new and material" evidence contained in § 3.156(a) is not applicable to § 3.156(b) because § 3.156(a) applies to situations where a final decision has been rendered, whereas § 3.156(b) involves situations where the appeal period has not expired. Under his interpretation of the "new and material" evidence language of § 3.156(b), Voracek argues his SSC properly constituted "new and material" evidence because the RO had not previously considered his "worsened" condition, and because the severity of his disability was relevant to the rating assigned to him for compensation

purposes. Voracek thus asserts that we should reverse the decision of the Veterans Court.

The government argues in response that we lack jurisdiction over Voracek's appeal because his challenge involves an application of law to the facts. Specifically, the government contends that Voracek is using the instant appeal to revisit whether his SSC was a new claim for an increased rate or to appeal his original claim via either an NOD or an election under § 3.156(b).

Alternatively, in the event that we conclude Voracek correctly characterized the issue as being one of law over which we have jurisdiction, the government refutes Voracek's contention that the Veterans Court imposed an added requirement of proof concerning what qualifies as "new and material" evidence. The government argues that the definition for the phrase "new and material" contained in § 3.156(a) applies to § 3.156(b) because similar terms used in different parts of the same statute or regulation are presumed to have the same meaning. The government maintains that the Veterans Court correctly applied the definition from § 3.156(a) and found simply that Voracek's statement that his condition "worsened" was not relevant to his level of disability in March 1993 when the RO rendered its March 1993 Decision.

Moreover, the government asserts that Voracek is attempting to collaterally attack the finality of the March 1993 Decision by creatively arguing that his SSC was "new and material" evidence filed in connection with his original claim. The government contends that a veteran nevertheless may challenge a final decision only by filing either a claim to reopen or a claim of clear and unmistakable error. The government points out that Voracek did not avail himself of either option here and that the present appeal

correctly stems from Voracek's June 1995 NOD. Accordingly, the government asserts that we should affirm the decision of the Veterans Court.

At the outset, we disagree with the government that this court lacks jurisdiction over the instant appeal. Contrary to the government's contention that Voracek's claim involves the application of law to the facts of this case, his claim raises more than one legal question. The first is whether the Veterans Court misinterpreted § 3.156(b) to require proof other than an applicant's own statement. The second is whether the definitions of "new" and "material" contained in § 3.156(a) apply to § 3.156(b). The third is whether Voracek's SSC and evidence incorporated therein by reference qualify as "material" to Voracek's original claim. See Jones v. Derwinski, 1 Vet. App. 210, 213 (1991) (whether evidence is "new and material" under 38 C.F.R. § 3.156 is a question of law subject to de novo review). Therefore, we conclude that we have jurisdiction over Voracek's appeal.

We are not persuaded by Voracek's argument that the Veterans Court misinterpreted § 3.156(b) to require proof other than an applicant's own statement. The Veterans Court did not make any express statement regarding the type of evidence that must be presented to qualify as "new and material." The Veterans Court simply held that "Voracek's statement that his PTSD had worsened, without any supporting evidence submitted within the one-year period, did not require VA to consider his original claim again." Voracek, slip op. at 7. Voracek misunderstands this finding as a broad evidentiary requirement to be applied whenever a veteran seeks to submit new and material evidence relating to his disability claim. The Veterans Court, however, plainly intended to address only Voracek's case.

Regarding the correct interpretation of the "new and material" evidence language found in § 3.156(b), we agree with the government that the definition for the phrase "new and material" contained in § 3.156(a) applies to § 3.156(b). These sections provide in pertinent part:

> (a) A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.[1]

> (b) New and material evidence received prior to the expiration of the appeal period, . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(a) & (b) (2001). We note that similar terms used in different parts of the same statute or regulation presumptively have the same meaning. See Gustafson v. Alloyd Co., 513 U.S. 561, 570 (1995) (acknowledging that "identical words used in different parts of the same act are intended to have the same meaning" under the

---

[1] The text of § 3.156(a) was amended on August 29, 2001, after the Board issued its decision but before the Veterans Court adjudicated Voracek's appeal. Before August 29, 2001, § 3.156(a) provided:

> New and material evidence means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim.

38 C.F.R. § 3.156(a) (2000). Because the substance of the older version of § 3.156(a) is not significantly different from the text of the revised version, and because revised text was in effect at the time of Veterans Court decision directly on appeal here, we focus our analysis on revised text. Notably, neither the Board nor the Veterans Court considered this change in the language of § 3.156(a) in rendering their decisions.

"normal rule of statutory construction" (quoting Dep't of Revenue of Or. v. ACF Indus., Inc., 510 U.S. 332, 342 (1994))).  Voracek does not offer any authority to rebut this presumption.  Rather, Voracek attempts to distinguish the two subsections based merely on the fact that they apply to two different periods of time.  That § 3.156(a) pertains to claims finally adjudicated while § 3.156(b) pertains to claims for which the appeal period has not expired does not, however, differentiate the two subsections to the point of rendering the definition contained in § 3.156(a) inapplicable to § 3.156(b).  Both subsections fall under the general heading "[n]ew and material evidence."  Hence, although the history behind § 3.156 is silent regarding whether the definition found in paragraph (a) applies to paragraph (b), it is logical the terms "new" and "material" have the same meaning throughout the entire section.  We thus apply the definitions from § 3.156(a) in deciding whether Voracek's SSC qualifies as "new" and "material" evidence.

To qualify as "material" evidence under the revised version of § 3.156(a), Voracek's SSC must be evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate Voracek's original claim for service connection disability.  See 38 C.F.R. § 3.156(a).  Voracek's single statement that his condition "worsened" does not, on its face, relate in any way to his condition during the pendency of his original claim or to any other unestablished fact necessary to substantiate his original claim.  Therefore, we conclude that the Veterans Court did not, as a matter of law, err in concluding that Voracek's statement alone failed to meet the definition for materiality set forth in § 3.156(a).

05-7060                                          9

Lastly, we need not reach the government's assertion that Voracek is attempting to improperly collaterally attack the finality of the March 1993 Decision because he cannot show that his SSC qualifies as "material" evidence filed in connection with his original claim.

## III. CONCLUSION

Because the Veterans Court correctly found that Voracek's SSC does not qualify as "material" evidence under § 3.156(b) filed in connection with Voracek's original claim for service connection disability, we conclude that Voracek is not entitled to reopen his original claim. We agree with the Veterans Court that Voracek's SSC constitutes a new claim for an increased rating based upon his "worsened" physical condition and that Voracek is not entitled to an effective date of September 10, 1992 for his 100 percent disability rating for service connected PTSD. Accordingly, we affirm the decision of the Veterans Court.

AFFIRMED

# United States Court of Appeals for the Federal Circuit

05-7060

JOHN E. VORACEK,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

MICHEL, <u>Chief Judge</u>, concurring.

I agree that Voracek's brief SSC asserting that his condition "worsened" does not meet the definition for "material" evidence set forth in 38 C.F.R. § 3.156(a). <u>See</u> 38 C.F.R. § 3.156(a) (2001) (defining "material" evidence as "existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the [original] claim"). Nevertheless, I decry the careless way in which the Department of Veterans Affairs ("Veterans Department") processed Voracek's SSC. First, Voracek stated in his SSC that he wished to "re-open" his claim. The word "re-open" is defined to mean "to open again" or "to start again: resume." <u>Webster's Unabridged Dictionary</u> 1632 (2d ed. 1998). Applying either of these definitions to Voracek's case logically leads to the conclusion that Voracek sought readjudication of his original claim. It is thus perplexing how the Veterans Department could interpret Voracek's SSC to mean that Voracek actually wanted to open a new claim for an increased rating.

Second, Voracek stated that his condition "ha[d] worsened" without any indication of a time period for this change. Perhaps Voracek's condition worsened during the period of time after he filed his original claim and before the RO issued its March 1993 Decision. Alternatively, perhaps Voracek's condition worsened after the March 1993 Decision but within the one-year appeal period. The Veterans Department is obligated to read a veteran's claim in the light most favorable to the veteran. Seemingly, in this case, it did not. The Veterans Department appeared to make no effort to ascertain the point in time when Voracek began to experience more severe PTSD. Nor did the Veterans Department give Voracek the benefit of the doubt by treating his statement, which was indisputably filed within one year of the March 1993 Decision, as asserting <u>nunc</u> <u>pro</u> <u>tunc</u> evidence to support the original claim. Consequently, it is my impression that the Veterans Department slacked in its duty to favorably construe Voracek's SSC.

Third, Voracek incorporated into his SSC by reference documents contained in his counseling file from the Portland Veterans Center. Apparently, neither the RO nor the Board ever reviewed them, which explains why these records were not part of the record before the Veterans Court. The Veterans Court therefore could not and did not consider these documents in deciding whether Voracek presented material evidence connected to his original claim. Indeed, the Veterans Court appeared to think that Voracek did not submit any supporting evidence, stating in its opinion that "Mr. Voracek's statement that his PTSD had worsened, <u>without any supporting evidence submitting within the one-year period</u>, did not require VA to consider his original claim again." <u>Voracek</u>, slip op. at 7 (emphasis added). Both the Veterans Department and

the Veterans Court should have fully reviewed the contents of Voracek's counseling records before reaching any conclusion as to the nature of Voracek's SSC or the materiality of that document or supporting evidence. Just as Voracek's November 1992 social and industrial survey included information about his condition starting with his return from Vietnam to the date of his original claim, his counseling records may well have revealed similar information relevant to his original claim.

Proceedings involving veterans benefits are not adversarial in nature. Instead, the Veterans Department is charged with the responsibility of assisting the veteran in establishing his claim; that responsibility includes helping the veteran to gather supporting evidence. Gonzales v. West, 218 F.3d 1378, 1381 (Fed. Cir. 2000) (recognizing that the veterans' benefit adjudication system is designed to help veterans); see also, 38 U.S.C. § 5107(b) (2000) (statutory duty to assist a veteran in the development of his claim for benefits); 38 C.F.R. § 3.159 (2001) ("Upon receipt of a substantially complete application for benefits, [the Veterans Department] will make reasonable efforts to help a claimant obtain evidence necessary to substantiate the claim."); White v. Derwinski, 1 Vet. App. 519, 521 (1991) (acknowledging that the Veterans Department has "a duty to help the veteran obtain facts that might enable him to sustain his burden of proof or develop the facts of his claim, once [the veteran] has submitted a well-grounded claim"). Here, the Veterans Department surely failed that duty, which I think is appalling. The Veterans Department should take greater care in the future, keeping foremost in mind its duty at every stage to aid the veteran.

Although the Veterans Department did not collect or consider Voracek's counseling records when those records clearly were part of Voracek's SSC, I

nonetheless conclude that error was harmless because the records were not shown to be "material." Voracek began visiting the Portland Veterans Center for counseling only in May 1993, two months after the RO issued the March 1993 Decision. While it is possible that his counseling records reflect his condition prior to the date he filed his original claim or bear upon some fact related to his condition at that time, such information in all likelihood was contained in his November 1992 social and industrial survey and was considered by the RO in deciding his original claim. Indeed, as carefully recounted by the Board in its decision, Voracek shared in that survey a detailed history of his family situation as a child and his living arrangements, work history, and general mental state since his return from Vietnam. Any additional evidence in his counseling file thus is probably cumulative or redundant of the record before the RO when it decided his original claim.[1] If so, it cannot be "material" under § 3.156(a) to Voracek's original claim. See 38 C.F.R. § 3.156(a) (2001) ("New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened.") Moreover, in this court, Voracek does not mention his counseling records at all, let alone point out any information contained therein that he thinks establishes new and material facts supporting his original claim. Consequently, Voracek's counseling records, incorporated by reference in his SSC, have not been shown to meet the definition for materiality set forth in § 3.156(a). I, therefore, agree that Voracek is not entitled to

---

[1] Notably, counsel did not include Voracek's counseling records in the record on appeal to this court. Therefore, I cannot make a conclusive assessment of materiality.

reopen his original claim, despite the poor handling of his SSC by the Veterans Department.