**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 04-1442

PILAR F. SUAVISO, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided     March 10, 2006   )

*Pilar F. Suaviso, pro se.*

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Michele R. Katina*, all of Washington, D.C., were on the pleadings for the appellee.

Before KASOLD, MOORMAN, and SCHOELEN, *Judges*.

KASOLD, *Judge*: Mrs. Pilar F. Suaviso, the surviving spouse of World War II veteran Victoriano S. Suaviso, appeals pro se a July 16, 2004, decision of the Board of Veterans' Appeals (Board) that determined that she had failed to present new and material evidence sufficient to warrant reopening a previously disallowed and final claim for non-service-connected death pension benefits. For the reasons set forth below, the decision of the Board will be affirmed.

**I. BACKGROUND**

Mr. Suaviso served with the New Philippine Scouts from August 1946 to May 1949. Record (R.) at 13, 39-40. He died in July 1988. R. at 44. In May 1994, Mrs. Suaviso filed a claim for non-service-connected disability pension benefits. *See* R. at 38, 48, 54. She submitted documents, including (1) a letter dated May 1949 from the Headquarters Philippines Command to Mr. Suaviso, that noted Mr. Suaviso "served well and faithfully as a Philippine Scout" (R. at 39), and (2) an

"Army of the United States Separation Qualification Record" containing identifying information such as Mr. Suaviso's name and address, Army serial number, grade, and place of separation (Philippines) (R. at 40). In January 1999, although Mr. Suaviso was certified as having "active service" with the U.S. Army by the National Personnel Records Center (NPRC), the Board nonetheless denied Mrs. Suaviso's claim for non-service-connected death pension benefits as a matter of law because the veteran did not meet the basic service eligibility requirements. R. at 52-59. That decision was not appealed.

Between September 1999 and May 2003, Mrs. Suaviso submitted additional evidence that the VA regional office (RO) construed as a claim to reopen her previously disallowed claim for non-service-connected death pension benefits. Mrs. Suaviso argued that she was entitled to benefits because her husband was a veteran, that her husband's service in the New Philippine Scouts was certified by the service department as "active service," and that his "active service" in World War II was with the U.S. Army. R. at 48, 133, 146. The RO denied her claim, and she appealed. R. at 154, 213. In the July 2004 decision on appeal, the Board concluded that the evidence submitted by Mrs. Suaviso was not new and material and denied her claim to reopen. R. at 1-9.

## II. ANALYSIS

### A. Standard of Review

A previously disallowed claim may be reopened upon the submission of new and material evidence with respect to that claim. *See* 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a) (2000). The Board's determination of whether a claimant has submitted new and material evidence to reopen a previously denied claim generally is reviewed under the "clearly erroneous" standard set forth in 38 U.S.C. § 7261(a)(4). *See Elkins v. West*, 12 Vet.App. 209, 216-17 (1999) (en banc) (noting shift in the generally applicable standard of review of a new and material determination by the Board to "clearly erroneous" review from de novo review, *see, e.g., Jones v. Derwinski* 1 Vet.App. 210, 213 (1991); *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1990)); *see also Prillaman v. Principi*, 346 F.3d 1362, 1367 (Fed. Cir. 2003) (affirming this Court's application of the "clearly erroneous" standard of review to a new-and-material-evidence determination by the Board).

The "clearly erroneous" standard of review generally is appropriate because the new-and-material evidence determination is often "fact-intensive" and often requires "the weighing of conflicting evidence and testimony." *Prillaman*, 346 F.3d at 1367. Of course, in certain instances the new-and-material-evidence determination will be reviewed de novo. *See Elkins*, 12 Vet.App. at 218 ("the circumstances of an individual case, coupled with the accumulation of [Board] and RO experience in applying § 3.156(a) . . . from time to time may call for the application of a de-novo . . . standard of review"). For example, de novo review may be appropriate when an assessment of whether corroborative evidence is "'neither cumulative nor redundant'" under § 3.156 is a matter of regulatory interpretation, *id.*, or when the lack of materiality of a document can be determined on its face, *see Voracek v. Nicholson*, 421 F.3d 1299,1305 (Fed. Cir. 2005) (deciding as a matter of law that appellant's statement failed to meet the definition of materiality under § 3.156(a) because that "single statement that his condition 'worsened' does not, *on its face*, relate in any way to his condition during the pendency of his original claim or to any other unestablished fact necessary to substantiate his original claim" (emphasis added)).[1]

### B. "Active Service" in the New Philippine Scouts

Mrs. Suaviso argues that Mr. Suaviso had qualifying service because the NPRC certified her husband's service as "active service." Although Mrs. Suaviso is correct in her description of the certification, her argument is unavailing. There is no dispute that Mr. Suaviso had "active service" in the New Philippine Scouts. However, "active service" in the New Philippine Scouts, as the 1999 Board correctly stated, does not, as a matter of law, permit an award of non-service-connected death pension benefits. *See* 38 U.S.C. §§ 101, 107(b) (except for certain life insurance contracts and benefits under chapters 11 (disability compensation) and 13 (dependency and indemnity

---

[1] In *Voracek v. Nicholson*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) inexplicably cited solely to this Court's opinion in *Jones*, *supra*, for the proposition that whether evidence is new and material under 38 C.F.R. § 3.156 is a question of law. *See* 421 F.3d 1299, 1303 (Fed. Cir. 2005). Particularly in light of the fact that the Federal Circuit in *Voracek* reviewed this Court's interpretation of § 3.156 as opposed to the weighing of facts, *see id.* at 1303-04, we do not interpret the Federal Circuit's sole reliance on *Jones* to be a repudiation of cases holding that a new-and-material-evidence determination generally is a fact determination to be reviewed in this Court under the "clearly erroneous" standard of review, *see Prillaman v. Principi*, 346 F.3d 1362, 1367 (Fed. Cir. 2003); *Elkins v. West*, 12 Vet.App. 209, 218 (1999) (en banc), or cases holding that the Federal Circuit lacks jurisdiction to review such determinations, *see Voracek*, 421 F.3d at 1302 (Federal Circuit "may not review findings of fact or the application of law to the facts, except to the extent that an appeal presents a constitutional issue" (citing 38 U.S.C. § 7292(d)(2) and *Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir.1999))).

compensation) of title 38, U.S. Code, service in the New Philippine Scouts is not active service for purposes of VA benefits); *Manlincon v. West*, 12 Vet.App. 239, 240 (1999) (widow of veteran of New Philippine Scouts not entitled to non-service-connected death pension because veteran's service not considered active service for VA benefits); *Laruan v. Principi*, 4 Vet.App. 100, 100-01 (1993) ("[e]ntitlement to [certain VA] benefits for [former] New Philippine Scouts is limited to those benefits specified in [38 U.S.C. § 107(b)]"); 38 C.F.R. § 3.40(b) (2005) (benefits available to New Philippine Scouts does not include pension benefits); *see also* 38 U.S.C. §§ 1521(j) ("[a] veteran meets the service requirements of this section if such veteran served in the active military, naval, or air service [(for or during certain specified periods)]"), 1541 (authorizing payment of non-service-connected death pension benefits to a surviving spouse of a "veteran" who meets the service requirements prescribed in 38 U.S.C. § 1521(j)).

The 2004 Board found that the evidence submitted by Mrs. Suaviso consisted of her own statements and copies of the procedural history of her case. The Board further determined that Mrs. Suaviso "is not disputing the findings" that her husband served in the New Philippine Scouts. Although Mrs. Suaviso argues that such service constituted service in the U.S. Army, her argument does not make it so; nor does the NPRC's description of Mr. Suaviso's service in the New Philippines Scouts as "active service."

Without questioning the "active service" of Mr. Suaviso in support of the United States, the fact remains that the law does not permit an award of VA non-service-connected pension benefits for service in the New Philippines Scouts, be it active or otherwise. *See Manlincon* and *Laruan,* both *supra.* Upon review of the record on appeal in its entirety, the 2004 Board's determination that the evidence submitted by Mrs. Suaviso was not new and material because it did not demonstrate service by her husband that could qualify for VA pension benefits and its findings of fact supporting that decision are plausible and therefore are not clearly erroneous. *See Elkins*, *supra*; *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (Board's findings of fact are reviewed under the "clearly erroneous" standard of review and may not be reversed or revised unless the Board's findings are not plausible and, therefore, are clearly erroneous); *see also* 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

## III. CONCLUSION

Upon consideration of the foregoing, the decision of the Board is affirmed.

AFFIRMED.