# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1628

CRISPIN B. UNTALAN, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued May 4, 2006                          Decided   October 3, 2006   )

*Kenneth M. Carpenter*, of Topeka, Kansas, with whom *Jeffrey J. Wood*, of York, Pennsylvania, was on the brief for the appellant.

*Tracy K. Alsup*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant Counsel; and *Nolan D. Paige*, Deputy Assistant Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, HAGEL, and SCHOELEN, *Judges*.

KASOLD, *Judge*, filed the opinion of the Court. HAGEL, *Judge*, filed a concurring opinion.

KASOLD, *Judge*: Crispin B. Untalan appeals though counsel a June 2, 2003, decision of the Board of Veterans' Appeals (Board) that declined to reopen his claim for disability compensation benefits that had been forfeited pursuant to 38 U.S.C. § 3504(a) (now 38 U.S.C. § 6104(a)) based on a determination that Mr. Untalan had assisted an enemy of the United States. Mr. Untalan argues that the Board erred, as a factual matter and as a matter of law, in finding that his testimony regarding his *mens rea* at the time that he rendered assistance to the enemy did not constitute new and material evidence pursuant to 38 U.S.C. § 5108. The Secretary asserts that the Board's determination that Mr. Untalan has not provided new and material evidence is supported by a plausible basis in the record. On July 12, 2006, Mr. Untalan filed a motion for reconsideration of the Court's June 21, 2006, opinion affirming the Board's decision. The Court will grant the motion,

withdraw its June 21 opinion, and issue this opinion in its stead. For the reasons set forth below, the Board's decision will be affirmed.

## I. BACKGROUND

Mr. Untalan served in the Philippines at the time of the Japanese invasion and occupation during World War II. He had beleaguered status from January 1942 to April 1942, prisoner of war (POW) status from April 1942 to September 1942, no-casualty status from September 1942 to April 1945, and Regular Philippine Army service from April 1945 to March 1946. Record (R.) at 54. In April 1972, Mr. Untalan submitted a claim for disability compensation benefits, claimed as residuals of his POW experiences. R. at 48-52.

In an October 1976 decision, the director of VA Compensation and Pension Service determined that, under 38 U.S.C. § 3504(a), Mr. Untalan had forfeited entitlement to VA benefits because of his assistance to the Imperial Japanese Government and his sustained membership and service of 13 months in the Japanese-sponsored-and-controlled Bureau of the Constabulary (BC) during the Japanese occupation of the Philippines. R. at 93-98. Mr. Untalan did not appeal that decision.

In November 1993, Mr. Untalan requested that his claim for disability compensation benefits be reopened on the basis that new and material evidence had been submitted. In April 1994, a VA regional office (RO) determined that the information was not new and material and that the claim could not be reopened. R. at 121-22. Mr. Untalan timely appealed and after two Board remands (R. at 198-205, 233-40), two remands from this Court (R. at 218, 289), and further development, the Board determined in the decision here on appeal that the evidence submitted by Mr. Untalan was not new and material because the evidence advanced the same arguments and propositions that had been considered and rejected in the final October 1976 decision (R. at 1-21).

## II. ANALYSIS

### A. Evidence of *Mens Rea*

Pursuant to 38 U.S.C. § 5108, "if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the

former disposition of the claim." At the time Mr. Untalan filed his claim, the version of 38 C.F.R. § 3.156(a) then in effect stated that "[n]ew and material evidence means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim." 38 C.F.R. § 3.156(a) (1993); *see also Elkins v. West*, 12 Vet.App. 209, 216 (1999) (en banc); *Evans v. Brown*, 9 Vet.App. 273, 283 (1996).

The Court generally reviews whether the appellant has submitted new and material evidence to reopen a prior claim under the "clearly erroneous" standard of review set forth in 38 U.S.C. § 7261(a)(4). *See Suaviso v. Nicholson*, 19 Vet.App. 532, 533 (2006) (reaffirming that the Court will generally apply the "clearly erroneous" standard of review). "A factual finding 'is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court may not substitute its judgment for the factual determinations of the Board on issues of material fact merely because the Court would have decided those issues differently in the first instance. *Id.* Moreover, the Board is required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; that statement must be adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate informed review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990).

In the instant case, the Board reviewed the evidence received since the prior final disallowance and determined that the evidence presented was not new and material. *See Trilles v. West*, 13 Vet.App. 314, 322 (2000) (en banc) (holding that an attempt to have forfeited benefits restored "is essentially one to reopen the forfeiture matter in a procedure similar to reopening disallowed claims for VA benefits as mandated by 38 U.S.C. § 5108"). The Board noted that evidence submitted after the 1976 decision reflects that Mr. Untalan was sick with malaria, dysentery, and diarrhea while detained in the POW camp (*see* R. at 14; *see also* R. at 107, 109, 314,

316-17), that the conditions in the POW camp were inhumane with no medical care for the prisoners (*see* R. at 14-15; *see also* R. at 156, 314, 316-17), and that he believed that he would have died unless he joined the BC and received proper medical care (*see* R. at 14-15; *see also* R. at 314, 316-17).

The Board found that this evidence was redundant of the previous evidence before the Secretary when, in 1976, he made the forfeiture decision. With regard to the evidence of Mr. Untalan's illnesses, the Board determined that the records prior to 1976 reflect that Mr. Untalan had dysentery and malaria as well as other disabilities while he was detained in the POW camp. *See* R. at 15; *see also* R. at 48, 49, 51. With regard to the evidence of his belief that he would have died in the POW camp unless he joined the BC, the Board found that the records prior to 1976 indicated that the conditions in the POW camp were inhumane, that the POWs lacked potable water and suffered from malnutrition, and that Mr. Untalan perceived the POW camps as "a systematic vengeance to kill the [POWs]." *See* R. at 15-16; *see also* R. at 47, 51. The Board further found that decisionmakers were aware in October 1976 of Mr. Untalan's assertions that he was "'forced by necessity to take an oath of allegiance' to the Japanese government." *See* R. at 15-16; *see also* R. at 78-79.

Moreover, to the extent Mr. Untalan packages previously known facts into an argument that his *mens rea* was not previously presented, his argument fails. The presentation of new arguments based on evidence already of record at the time of the previous decision does not constitute the presentation of new evidence. *See* 38 U.S.C. § 5108. Thus, upon a review of the record in its entirety, the Court finds that the Board's determination that no new and material evidence has been presented is plausible, supported by an adequate statement of reasons or bases and, therefore, cannot be said to be clearly erroneous. *See* 38 U.S.C. §§ 5108, 7104(d)(1), 7261(a)(4); *Hersey*, *supra*; 38 C.F.R. § 3.156.

## B. Issues Raised at Oral Argument

At oral argument, counsel for Mr. Untalan raised for the first time the issue of the Board's jurisdiction in this matter. Although a "potential jurisdictional defect may be raised by the court or tribunal, sua sponte or by either party, at any stage in the proceedings, and, once apparent, must be adjudicated," *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996), the mere assertion of a

jurisdictional defect does not mean that such a defect exists and, in this instance, it does not. In support of his contention, Mr. Untalan argues that (1) there is a pending and unadjudicated claim for compensation benefits; (2) the statute and regulations concerning new and material evidence do not apply to forfeiture cases; and (3) forfeiture proceedings could not be initiated until there is an award of benefits.

Assuming arguendo that Mr. Untalan's specific arguments have merit, they nevertheless do not rise to a jurisdictional impediment to the Board's (or the Court's) adjudication of the matter now on appeal. The existence of a pending and unadjudicated claim for disability benefits has no bearing on the jurisdiction of the Board to address Mr. Untalan's subsequently filed claim for the same benefits. *See* 38 U.S.C. §§ 5108, 7104(a), 7252(a). At best, the pending and unadjudicated claim might warrant an earlier effective date for any benefits awarded, which is not the case here. *See McGrath v. Gober*, 14 Vet.App. 28, 35 (2000) (recognizing that a disability compensation claim may remain pending and unadjudicated for purposes of assigning an earlier effective date for that disability).

Similarly, a Board (or RO) error in requiring new and material evidence to reopen a claim does not deprive the Board of jurisdiction; indeed, the Board is required to make such determinations, *see Jackson v. Principi*, 265 F.3d 1366, 1368-70 (Fed. Cir. 2001) (determining that "the Board has a jurisdictional responsibility to consider whether it was proper for a claim to be reopened"); *Bernard v. Brown*, 4 Vet.App. 384, 392 (1993) (holding that the Board's jurisdiction over a claim includes all issues within that claim, including whether new and material evidence has been submitted), and any Board error in that respect can be corrected on appeal to the Court.

Further, the rendering of a forfeiture decision, even if done improperly, does not deprive the Board of subject matter jurisdiction over a claim for benefits, whether such claim is submitted and adjudicated before or after the forfeiture decision is rendered. If the Board erred in relying on the forfeiture decision in its adjudication of a claim, that matter can be addressed in a timely and properly presented appeal or, if an appeal to the Court was not available at the time or otherwise not taken, through a request for revision based on clear and unmistakable error (CUE). If an underlying, final forfeiture decision is being challenged, as is the case here with the now-final 1976 forfeiture proceeding, it must be done collaterally through a request for revision based on CUE, and the failure

5

to bring such action in the first instance below is itself a jurisdictional bar to our addressing the issue. *See* 38 U.S.C. § 5109A; *Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc); 38 C.F.R. § 3.105 (2005); *see also Trilles*, 13 Vet.App. at 319 (claimants affected by a final forfeiture decision may reopen that decision upon a showing of CUE therein or by submitting new and material evidence).

The Court has repeatedly discouraged parties from raising arguments that were not presented in an initial brief to the Court. *See Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("improper or late presentation of an issue or argument . . . ordinarily should not be considered"), *aff'g sub nom. Carbino v. Gober*, 10 Vet.App. 507, 511 (1997) (declining to review argument first raised in appellant's reply brief); *Tubianosa v. Derwinski*, 3 Vet.App. 181, 184 (1992) (appellant "should have developed and presented all of his arguments in his initial pleading"); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."). The practice of presenting new issues at oral argument is even more discouraged and undesirable. *See*, *e.g.*, *McFarlin v. Conseco Services, L.L.C.*, 381 F.3d 1251, 1263 (11th Cir. 2004) ("A party is not allowed to raise at oral argument a new issue for review."); *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1333 (Fed. Cir. 2001) ("It is well settled that an appellant is not permitted to make new arguments that it did not make in its opening brief."); *Tarpley v. Greene*, 684 F.2d 1, 7 n.17 (D.C. Cir. 1982) ("Oral argument on appeal is not the proper time to advance new arguments or legal theories."). Although jurisdiction is a matter that may be raised at any time, couching new arguments under the umbrella of jurisdiction at oral argument is not a recommended or helpful practice.

### III. CONCLUSION

The Court's June 21, 2006, opinion in this matter is withdrawn and this opinion is issued in its stead. For the foregoing reasons, the June 2, 2003, decision of the Board is AFFIRMED.

HAGEL, *Judge*, concurring: Although the majority avoids answering the question of whether Mr. Untalan's 1972 claim remains pending and unadjudicated, to the extent that the majority suggests that such a scenario is possible, I write separately to dispel any such notion. *See ante* at 6 ("The

existence of a pending and unadjudicated claim for disability benefits has no bearing on the jurisdiction of the Board to address Mr. Untalan's subsequently filed claim for the same benefits.").

In the Board decision on appeal, the Board "declined to reopen [Mr. Untalan's] claim for disability compensation benefits that had been forfeited pursuant to 38 U.S.C. § 3504(a)." *See ante* at 1. A claim cannot be the subject of a claim to reopen unless it has been "disallowed." 38 U.S.C. § 5108. Indeed, to the extent that it remained unadjudicated, Mr. Untalan's 1972 claim was undoubtedly disallowed by the October 1976 decision determining that he had forfeited any right to receive VA benefits. In that regard, the Board correctly concluded that "the October 1976 decision remains final and is a legal bar to the benefits sought." R. at 4. In his motion for panel reconsideration, Mr. Untalan, without offering so much as a scintilla of authority, asserts that "an award of VA benefits is a necessary predicate to forfeiture." Motion at 7. Not only was that argument not briefed prior to oral argument, it is without support and it is illogical because it would compel VA to go through the useless step of awarding benefits only to then declare the right to them forfeited. Mr. Untalan is simply incorrect in his assertion that his 1972 claim could have remained open despite the October 1976 forfeiture decision.