# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0174

Gerald L. Palmer, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued March 21, 2007                              Decided   August 20, 2007  )

*Eldon E. Nygaard*, of Vermillion, South Dakota, for the appellant.

*James B. Cowden, Jr.*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, HAGEL, and MOORMAN, *Judges*.

MOORMAN, *Judge*, filed the opinion of the Court. KASOLD, *Judge*, filed a concurring opinion.

MOORMAN, *Judge*: Veteran Gerald L. Palmer appeals through counsel a December 7, 2004, decision of the Board of Veterans' Appeals (Board) that determined that he had not filed a valid Notice of Disagreement (NOD) with regard to an August 12, 1971, VA regional office (RO) decision. Mr. Palmer argues that he timely filed a document that complies with all the requirements of an NOD as to the August 1971 RO decision. The Secretary argues that the Board correctly determined that the document filed was not an NOD. On March 21, 2007, the parties presented oral argument. For the reasons set forth below, the Board's December 2004 decision will be reversed and the matter remanded for further adjudication consistent with this opinion.

## I. BACKGROUND

In June 1971, Mr. Palmer filed a claim for service connection for a left-knee disability, which was denied in an August 1971 rating decision. Shortly thereafter, in August 1971, Mr. Palmer wrote the RO and stated that "it is very evident that my medical records were not checked" in the adjudication of his claim, and he noted that he would "appreciate a follow-up on this ASAP." Record (R.) at 41. In a September 2, 1971, letter, the RO replied that Mr. Palmer's claim "was considered on the basis of all the evidence, including your service medical records." R. at 44. That same month, Mr. Palmer again wrote to the RO, stating, inter alia: "I know that you do not have *all* the evidence," and "Before closing your file on this case would you please consider all the evidence in the case." R. at 46-48. Included in the record on appeal (ROA) is a VA Reference Slip, dated September 13, 1971, that states: "Set up as NOD. Develop?" R. at 51. On September 21, 1971, the RO responded by letter that the "evaluation of your claim was based on all the available evidence of record." R. at 53. The record is silent as to any further communication until August 1993 when Mr. Palmer filed a request to reopen his left-knee-disability claim. Ultimately, the RO granted Mr. Palmer's claim for service-connected disability compensation benefits and awarded him a 10% disability rating effective as of August 1993, the date of his claim to reopen. R. at 117, 137.

In February 2001, Mr. Palmer filed through his representative a motion for revision of the August 1971 RO decision on the basis of clear and unmistakable error (CUE), asserting that the evidence of record at the time of that decision clearly supported a grant of service connection for his left-knee disability. In that motion, Mr. Palmer also argued that he had filed a valid NOD as to the August 1971 decision but was never issued a Statement of the Case, and he further argued that as a result of such failure he was entitled to an effective date of June 28, 1971, the date of his original claim for his left-knee disability. R. at 157. The RO denied his request for revision, specifically noting that the appellant's September 1971 letter failed "to use the terms 'appeal [or] disagreement' to indicate he was appealing the rating decision." R. at 162. Mr. Palmer appealed that determination to the Board.

In the decision on appeal, the Board concluded that, although the appellant's August and September 1971 letters "clearly reflect disagreement with the RO's rating decision," neither letter could be construed as an NOD because, "most significantly[,] neither statement expresses or conveys a desire to initiate *appellate* review of that decision. . . . In the absence of an expressed desire for

2

*appellate* review of the rating decision, there was no valid NOD filed by the veteran, and the RO's August 12, 1971, rating decision remains final under VA law." R. at 8 (emphasis in original).

## II. DISCUSSION

A. Board's Interpretation of 38 C.F.R. § 19.113 (1971)

At issue in this case is whether the Board correctly interpreted the law in effect in 1971 in making its determination that the appellant's letters did not constitute valid NODs. This is a legal ruling subject to de novo review by the Court. *See Lennox v. Principi*, 353 F.3d 941, 945 (Fed. Cir. 2003).

In the decision on appeal, the Board determined that Mr. Palmer's August and September 1971 letters did not constitute valid NODs because, "most significantly [,] neither statement expresses or conveys a desire to initiate *appellate* review of that decision. Such element is required." R. at 8 (emphasis in original) (citing 38 C.F.R. § 19.113 (1971)). Contrary to the Board's statement, however, the statute in effect in 1971 required only that an NOD express disagreement with a decision. *See* 38 U.S.C. § 4005(b)(1) (1962). The 1971 implementing regulation set forth no additional requirements. Specifically, it stated:

> A written communication from a claimant or his representative expressing dissatisfaction with an adjudicative determination of an agency of original jurisdiction will constitute a notice of disagreement. The notice should be in terms which can be reasonably construed as evidencing a desire for review of that determination. *It need not be couched in specific language*. Specific allegations of error of fact or law are not required.

38 C.F.R. § 19.113 (1971) (emphasis added).

Conceding that § 19.113 did not explicitly require that an NOD contain an expression of a desire for appellate review, the Secretary nonetheless contends that a desire for appellate review always has been an element of the NOD, as evidenced when § 19.113 is read in context with 38 C.F.R. § 19.112 (1971), which outlined the requirements for initiating an appeal to the Board, to include a written NOD.[1] *See* Secretary's Amended Brief at 4-5. At oral argument, the Secretary

---

[1] Section 19.112 reads in its entirety: "An appeal consists of a timely filed notice of disagreement in writing and, after a statement of the case has been furnished, a timely filed substantive appeal." 38 C.F.R. § 19.112 (1971).

further asserted that his comments with regard to regulatory changes made in 1992, when the requirement that an NOD contain an expression of a desire for appellate review was added to the regulation, support this conclusion. *See* 57 Fed. Reg. 4088 (Feb. 3, 1992). Specifically, the Secretary's rationale for inclusion of this requirement is that "some indication which reasonable persons can construe as disagreement with a determination by an agency of original jurisdiction and a desire to appeal that determination is at the very heart of what constitutes a Notice of Disagreement" and that "[w]ithout such an expression, the communication may be something, but it is not a Notice of Disagreement. Not much is required, but the communication must be recognizable as a Notice of Disagreement." *Id.* at 4093. Further, the Secretary noted that regardless of this change, "VA has always been, and will continue to be, liberal in determining what constitutes a Notice of Disagreement. The continuation of this policy is demonstrated by the lack of a requirement for special wording and the use of the phrase 'can be reasonably construed.'" *Id.*

Although we certainly agree that an NOD initiates appellate review, neither the statute nor the 1971 implementing regulation required that an NOD explicitly state or convey a desire for appellate review in addition to an expression of disagreement to constitute an NOD. *See* 38 C.F.R. § 19.113 (1971) (noting specifically that the NOD "need not be couched in specific language" or include specific allegations of error of fact or law); *see also* 38 U.S.C. § 4005(d)(1) (1962) (noting that when a claimant files a timely NOD, VA "will take such development or review action as it deems proper . . . . If such action does not resolve the disagreement either by granting the benefit sought or through withdrawal of the [N]otice of [D]isagreement, [VA] shall prepare a [S]tatement of the [C]ase"); *Hamilton v. Brown*, 39 F.3d 1574, 1582 (Fed. Cir. 1994) (finding that an NOD "is discussed [within 38 U.S.C. § 7105] solely in the context of initiating an appeal to the Board. No other function of a[n] NOD is mentioned"); *cf. Gallegos v. Principi*, 283 F.3d 1309, 1313-14 (Fed. Cir. 2002) (holding that VA regulation § 20.201, which was promulgated in 1992 and specifically provided that an NOD "*must* be in terms which can be reasonably construed as disagreement with that determination and a desire for *appellate* review," was a reasonable and permissible construction of 38 U.S.C. § 7105 (emphasis added)). The only statutory requirement in effect in 1971 was that the NOD include an expression of disagreement with a decision. *See* 38 U.S.C. § 4005(b)(1) (1962).

Moreover, although the 1971 implementing regulation states that an NOD "should be in terms which can be reasonably construed as evidencing a desire for review of that determination,"

4

this is, by its own terms, not mandatory, and the only requirement stated in the regulation mirrors the statute in that the NOD must be a "written communication from a claimant or his representative expressing dissatisfaction or disagreement with an adjudicative determination of an agency of original jurisdiction." 38 C.F.R. § 19.113 (1971); *see United States v. Montgomery*, 462 F.3d 1067, 1069-70 (9th Cir. 2006) (use of "'should' often connotes a strong suggestion, not a requirement"). Accordingly, the Board's determination that the 1971 implementing regulation required an NOD to include an explicit expression of a "desire for appellate review" is contrary to law. R. at 8. In light of the Board's error, the Court will now address the appropriate remedy.

B. Application of the Law to the Facts of this Case

The Secretary argues that Mr. Palmer was notified in an August 1971 rating decision that if he wished to appeal that decision, he should file an NOD, and further, that the decision defined an NOD as "simply a written communication which makes clear your intention to initiate an appeal and the specific part of our decision with which you disagree." R. at 39. The Secretary also notes that the RO responded to both of Mr. Palmer's letters and advised him that the RO had reviewed again the evidence that was considered in making the initial decision and advised that the claim would be given further consideration upon submission of additional evidence. Although the Secretary is correct that Mr. Palmer was notified that he had to "make clear [his] intention to initiate an appeal," such notification cannot serve to redefine or add to the statutory and regulatory elements of an NOD such that failure to comply with the additional requirements in the notice would cause the rejection of an NOD that is otherwise compliant with the statute and the regulation. *See* 5 U.S.C. § 706(2)(A) (requiring administrative agencies to provide notice and comment prior to revising regulatory requirements); *see also Hamilton*, *supra*; *Beyrle v. Brown*, 9 Vet.App. 24, 27-28 (1996).

The Court sought supplemental memoranda of law regarding the appropriate standard of review of whether an NOD was filed in this case. Upon reconsideration, the Court decides that it need not reach this issue in order to fully and properly decide this case and declines to do so. The Court concludes that under any standard of review that the Court might apply, the August and September 1971 letters satisfied the requirements of an NOD because it clearly "expresses dissatisfaction with an adjudicative determination." 38 C.F.R. § 19.113 (1971). Because the Board applied the incorrect law to the facts as it found, and inasmuch as the Board's finding that Mr. Palmer expressed disagreement with the 1971 RO decision fulfills the statutory requirements

in effect at that time for an NOD, the Board's decision that Mr. Palmer had not filed an NOD is not in accordance with law, and that decision will be reversed.  38 U.S.C. § 7261(a)(3)(A).  The filing of the NOD entitled Mr. Palmer to receive an SOC.  38 U.S.C. § 4005(d)(1) (1962).  Because the RO failed to provide Mr. Palmer with an SOC, he was unable to file a formal appeal to the Board, and the August 1971 RO decision never became final.  *See Tablazon v. Brown*, 8 Vet.App. 359, 361 (1995) (cited with approval in *Cook v. Principi*, 318 F.3d 1334, 1340-41 (Fed. Cir. 2002) (noting that in *Tablazon*, *Hauck v. Brown*, 6 Vet.App. 518 (1994), *Kuo v. Derwinski*, 2 Vet.App. 662 (1992), and *Ashley v. Derwinski*, 2 Vet.App. 307 (1992), "VA's failure to comply with statutory procedural requirements regarding notification of benefit determinations had the effect of extinguishing the claimant's right to appeal an adverse decision")).

C. Request for Revision on the Basis of CUE

In his amended brief, Mr. Palmer asserts that the RO's August 1971 decision was the product of CUE.  A request for revision on the basis of CUE cannot lie as to a prior decision that is still open to direct review.  *See May v. Nicholson*, 19 Vet.App. 310, 320 (2005).  Because the August 1971 RO decision never became final, a challenge to that decision based on CUE cannot lie.  In addition, the Court notes that although the appellant raised to the Board a challenge to the August 1971 RO decision based on CUE (R. at 292, 299), because we hold that the August 1971 RO decision never became final, the lack of a discussion of any CUE challenge to that 1971 RO decision by the Board in the December 2004 decision here on review was not error.

**III. CONCLUSION**

After consideration of the appellant's and the Secretary's briefs, oral argument as presented on March 21, 2007, and a review of the record on appeal, the Board's December 7, 2004, decision that Mr. Palmer's August and September 1971 letters were not valid NODs is REVERSED, and the matter is REMANDED for further adjudication consistent with this opinion.

KASOLD, *Judge*, concurring: Historically the Court has reviewed de novo the filings of the claimant in the context of the totality of the circumstances surrounding those filings and given no deference to the Board's determination that a document did not constitute an NOD.  *See, e.g., Stokes v. Derwinski*, 1 Vet.App. 201, 203 (1991) ("In judging whether a communication can be 'reasonably

6

construed' as expressing dissatisfaction with a VA adjudicative decision, this Court will look not only at the actual wording of the communication, but also at the context in which the communication was written."). This was because the Court's jurisdiction originally was limited to reviewing only final Board decisions in which an NOD had been filed on or after November 18, 1988, *see* Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988); *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990) (Pub. L. No. 100-687, § 402, "limited the Court's jurisdiction to cases in which a Notice of Disagreement is filed on or after November 18, 1988"), and because the Court has the independent duty to "'ensure jurisdiction over each case before adjudicating the merits.'" *Smith v. Brown*, 10 Vet.App. 330, 332 (1997) (quoting *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996)); *see Stokes*, 1 Vet.App. at 203-204 (Court may find facts "crucial to the proper determination of whether this Court has jurisdiction").

However, as the Secretary notes and argues in supplemental briefing, the filing of an NOD on or after November 18, 1988, is no longer a prerequisite to the Court's exercise of its jurisdiction.[1] *See* Pub. L. No. 107-103, § 603(a), 115 Stat. 976, 999 (2001) (repealing Pub. L. No. 100-687, § 402); *Kelly v. Nicholson*, 463 F.3d 1349, 1352 (Fed. Cir. 2006). This change in law brings into serious question whether de novo review is still appropriate with regard to whether an NOD has been filed and whether deference generally should be afforded the Board's findings with regard to whether the requisite disagreement to a decision of the agency of original jurisdiction has been timely filed.[2] *See, e.g.*, *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) (recognizing that the interpretation of veteran's filings is a factual inquiry); *Medrano v. Nicholson*, __ Vet.App. __,

[1] A timely filed NOD remains a jurisdictional predicate for the Board. *See Jarrell v. Nicholson*, 20 Vet.App. 326, 331 (2006) (en banc) (requiring timely-filed NOD as predicate for Board's jurisdiction, absent a statutory grant of original jurisdiction).

[2] Of course, as noted in the Court's opinion, questions of interpretation of law are reviewed de novo. *Ante* at 3 (citing *Lennox v. Principi*, 353 F.3d 941, 945 (Fed. Cir. 2003)). Additionally, de novo review would still be appropriate when an expression of dissatisfaction with a decision of an agency of original jurisdiction is clear on the face of a timely filed document. *Cf. Suaviso v. Nicholson*, 19 Vet.App. 532, 533 (2006) (reaffirming that the Court generally will apply the "clearly erroneous" standard of review when assessing Board's determination that new and material evidence had not been submitted to reopen a claim, but citing *Voracek v. Nicholson*, 421 F.3d 1299, 1305 (Fed. Cir. 2005), for proposition that de novo review may be appropriate when the lack of materiality of a document can be determined on its face).

__, No. 04-1009, slip op. at 5, 2007 WL 1201524, at *4 (Apr. 23, 2007) (noting that the Court is not permitted to reverse Board's favorable findings of fact); *Marsh v. Nicholson*, 19 Vet.App. 381, 384-85 (2005) (applying the "clearly erroneous" standard of review to Board's adverse finding with regard to whether an NOD had been timely filed); *see also McLendon v. Nicholson*, 20 Vet.App. 79, 81 (2006) (noting varying standards of review for differing elements of statute requiring medical examinations or opinions, and deference for overall application of law to fact); *Criswell v. Nicholson*, 20 Vet.App. 501, 504 (2006) (noting that whether informal claim has been filed is reviewed under the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard of review because it requires an application of law to the facts of the case); *Butts v. Brown*, 5 Vet.App. 532, 535, 538-540 (1993) (en banc) (discussing the various standards of review and noting that the standard of review to be applied may vary depending on the actual issue under review).