Citation Nr: 1546232 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 99-13 421A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in White River Junction, Vermont


THE ISSUES

1. Whether a notice of disagreement (NOD) was timely filed in response to a rating decision assigning an effective date of January 22, 1999, for a compensable rating for tinnitus.

2. Whether an NOD was timely filed in response to a rating decision assigning a noncompensable rating for hearing loss. 

3. Whether an NOD was timely filed in response to a rating decision assigning an effective date of February 2, 2004, for an increased rating of 30 percent for posttraumatic stress disorder (PTSD). 

4. Whether an NOD was timely filed in response to a rating decision assigning a 20 percent rating for diabetes mellitus, type II (diabetes). 

5. Entitlement to an effective date earlier than March 15, 2009, for the award of service connection for coronary artery disease.

6. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to March 15, 2009. 

7. Entitlement to an earlier effective date for the assignment of a 10 percent rating for tinnitus. 


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

N. Snyder, Counsel


INTRODUCTION

The Veteran served on active duty from April 1959 to July 1967, May 1968 to May 1972, and March 1973 to April 1978. The Veteran also served in the Army Reserve, with several periods of active duty for training. 

This appeal comes before the Board of Veterans' Appeals (Board) from a June 1999 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas, and June 2010 and March 2014 decisions of the RO in White River Junction, Vermont.

The issues of entitlement to an earlier effective date for the award of a 10 percent rating for tinnitus and entitlement to a TDIU prior to March 15, 2009, are addressed in the REMAND that follows the ORDER section of this decision.

The Board further notes that the report of a September 2008 VA audio examination constitutes an informal claim for an increased rating for hearing loss disability. See 38 C.F.R. § 3.157(b)(1). This claim has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 

The record before the Board consists of the Veteran's electronic records in Virtual VA and the Veterans Benefits Management System. 


FINDINGS OF FACT

1. The Veteran submitted an NOD regarding the effective date assigned for the compensable rating for tinnitus within one year of the notice of the rating decision assigning a compensable rating for tinnitus. 

2. The Veteran did not submit an NOD within one year of notice of the rating decision assigning a noncompensable rating for hearing loss, the rating decision granting an increased rating of 30 percent rating for PTSD, or the rating decision assigning a 20 percent rating for diabetes.

3. The Veteran did not file a claim for service connection for coronary artery disease until October 2009, and he was not shown to have coronary artery disease until March 15, 2009. 


CONCLUSIONS OF LAW

1. The Veteran filed a timely NOD regarding the effective date for the compensable rating for tinnitus. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.160, 20.200, 20.201, 20.302 (2015).

2. The Veteran did not file a timely NOD in response to the rating decision assigning a noncompensable rating for hearing loss. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.160, 20.200, 20.201, 20.302 (2015).

3. The Veteran did not file a timely NOD in response to the rating decision increasing the rating for his PTSD to 30 percent. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.160, 20.200, 20.201, 20.302 (2015).

4. The Veteran did not file a timely NOD in response to the rating decision assigning a 20 percent rating for diabetes. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.160, 20.200, 20.201, 20.302 (2015).

5. The criteria for an earlier effective date for the award of service connection for coronary artery disease have not been met. 38 U.S.C.A. §§ 5110 (West 2014); 38 C.F.R. §§ 3.102, 3.400, 3.816 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West. 2014); 38 C.F.R §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). 

The issues turn on undisputable facts detailed below, and no further VCAA notice or duty to assist is required. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (where the law is dispositive, the claim must be denied due to a lack of legal merit); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001); Mason v. Principi, 16 Vet. App. 129 (2002); see also VAOPGCPREC 5-2004 (VA is not required to provide notice of the information and evidence necessary to substantiate a claim where that claim cannot be substantiated because there is no legal basis for the claim or because undisputed facts render the claimant ineligible for the claimed benefit).

II. Legal Criteria

Generally, the effective date of an award based on an original claim for compensation benefits, if received more than one year after the claimant's discharge from service, shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400(b)(2)(i). The effective date, "shall be fixed in accordance with the facts found but shall not be earlier than the date of receipt of application therefore." 38 U.S.C.A. § 5110(a). 

Where compensation is awarded pursuant to a liberalizing law, the effective date shall be fixed in accordance with the facts found, but shall not be earlier than the effective date of the act or regulation. 38 U.S.C.A. § 5110(g) (West 2014); 38 C.F.R. § 3.114(a) (2015). If a claim is reviewed at the request of a claimant received within one year from that date, benefits may be authorized from the effective date of the liberalized law provided the claimant met all eligibility criteria on the effective date of the liberalizing law and such eligibility existed continuously from that date to the date of claim. 38 C.F.R. § 3.114(a).

In cases involving presumptive service connection due to herbicide exposure, there is an exception to the provisions set forth above. That is, VA has promulgated special rules for the effective dates for the award of presumptive service connection based on exposure to herbicides, pursuant to orders of the United States District Court in the class action of Nehmer v. United States Department of Veterans Affairs. See 38 C.F.R. § 3.816; see also Nehmer v. United States Veterans Administration, 712 F. Supp. 1404 (N.D. Cal. 1989) (Nehmer I); Nehmer v. United States Veterans Administration, 32 F. Supp. 2d 1175 (N.D. Cal. 1999) (Nehmer II); Nehmer v. Veterans Administration of the Government of the United States, 284 F.3d 1158 (9th Cir. 2002) (Nehmer III).

Specifically, a Nehmer class member is defined as a Vietnam veteran who has a "covered herbicide disease." See 38 C.F.R. § 3.816 . The Veteran served in the country of Vietnam during the Vietnam War era and, therefore, is a "Vietnam veteran" as defined in the regulation. See 38 C.F.R. § 3.307(a)(6).

According to 38 C.F.R. § 3.861(b)(2) a "covered herbicide disease" includes a disease for which the Secretary of Veterans Affairs has established a presumption of service connection before October 1, 2002, pursuant to the Agent Orange Act of 1991. Although coronary artery disease is not listed in that section, the final rule made clear that the effective dates of awards of ischemic heart disease under the 38 C.F.R. § 3.309(e) are governed by the Nehmer provisions. See 75 Fed. Reg. at 53203. 

Certain effective dates apply if a Nehmer class member was denied compensation for a covered herbicide disease between September 25, 1985, and May 3, 1989; or if there was a claim for benefits pending before VA between May 3, 1989, and the effective date of the applicable liberalizing law. See 38 C.F.R. § 3.816(c)(1)-(2). If the requirements of 38 C.F.R. § 3.816(c)(1)-(2) are not met, the effective date shall be assigned according to 38 C.F.R. § 3.400. See 38 C.F.R. § 3.816(c)(4). Certain exceptions are set forth that are not pertinent to this appeal.

The effective date for an award of increased compensation will be the date of receipt of claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(o)(1). The general rule is that the effective date of award "shall not be earlier than the date of receipt of the application thereof." 38 U.S.C.A. § 5110(a). An exception to that rule applies, however, where the evidence demonstrates that a factually ascertainable increase in disability occurred within the one-year period preceding the date of receipt of a claim for increased compensation. If an increase in disability occurred within one year prior to date of receipt of the claim, the increase is effective as of the date the increase was "factually ascertainable." If the increase occurred more than one year prior to date of receipt of the claim, the increase is effective the date of receipt of the claim. If the increase occurred after the date of receipt of the claim, the effective date is the date of increase. 38 U.S.C.A. 5110(b)(2); Harper v. Brown, 10 Vet. App. 125 (1997); 38 C.F.R. 3.400 (o)(1)(2); VAOPGCPREC12-98 (1998).

New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b) (2015).

New and material evidence is defined in 38 C.F.R. § 3.156(a). New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

The definition of the phrase new and material evidence in § 3.156(a) is the appropriate definition to use when applying § 3.156(b). See Voracek v. Nicholson, 421 F.3d 1299, 1304 (Fed. Cir. 2005). 

Any communication or action indicating an intent to apply for one or more benefits under the laws administered by VA from a claimant may be considered an informal claim. An informal claim must identify the benefit sought. 38 C.F.R. § 3.155(a).

A claimant has one year from the date VA mails notice of a decision to initiate an appeal by filing a notice of disagreement with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 
38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.302(a) (2015). While special wording is not required, a NOD must be in terms that can be reasonably construed as disagreement with a determination and a desire for appellate review. 38 C.F.R. § 20.201.

Generally, a claimant cannot challenge an effective date assigned in a final VA adjudication. If a claimant wishes to obtain an effective date earlier than that assigned in an RO decision, the claimant must file a timely appeal as to that decision. Otherwise, the decision becomes final and the only basis for challenging the effective date is a motion to revise the decision based on clear and unmistakable error (CUE). Rudd v. Nicholson, 20 Vet. App. 296 (2006). 

III. Factual Background and Analysis

In a July 1978 rating decision, the RO awarded service connection for tinnitus and hearing loss and assigned noncompensable ratings. The Veteran did not submit a notice of disagreement or submit new and material evidence within the appellate period. The decision became final. In a February 2001 rating decision, the RO awarded service connection for PTSD and assigned a 10 percent rating effective January 16, 1998. The Veteran filed a timely notice of disagreement with the rating and effective date. A Statement of the Case (SOC) was issued in April 2003, denying an increased rating and earlier effective date. The Veteran did not submit a timely appeal. Thus, the February 2001 rating decision became final. 

In a November 2003 rating decision, the RO denied an increased rating for PTSD and hearing loss and assigned a 10 percent rating for tinnitus. 

In January 2004, the Veteran filed a statement requesting an earlier effective date for the service connected disability for tinnitus. The Veteran explained his belief that the effective date should be July 17, 1979. The Veteran also requested an earlier effective date for the award of service connection for PTSD. 

In an April 2004 rating decision, the RO awarded a 30 percent rating for PTSD effective February 2, 2004. In a June 2004 rating decision, the RO denied an earlier effective date for the award of service connection for tinnitus. In the notification letter for a June 2004 rating decision, the RO reported that the Veteran had an "active appeal pending" for an "earlier effective date for PTSD" and that there cannot be "both an appeal and a current claim for the same disability." No argument or evidence was received from the Veteran or his representative in response to this letter, and the Board clarified that the matter was not on appeal in an August 2004 decision. Review of the record does not suggest any reliance on the June 2004 notification letter by the Veteran or his representative. Thus, the Board finds Percy v. Shinseki, 23 Vet. App. 37 (2009) is distinguishable; the issue of entitlement to an earlier effective date for the PTSD was not appealed to the Board. 
 
Medical evidence, notably VA and SSA records, was associated with the record within the year of notification of the April 2004 rating decision. In a July 2005 rating decision, the RO continued the 30 percent rating for PTSD. The Veteran did not submit a timely notice of disagreement. VA treatment records and a July 2006 VA examination record were associated with the record within a year of the July 2005 rating decision. This evidence does not suggest a worsening of the PTSD or otherwise suggest entitlement to a higher evaluation for the PTSD, however; it is not "material." Thus, the July 2005 decision is final. 

In a January 2007 rating decision, the RO granted service connection for diabetes and assigned a 20 percent rating effective July 26, 2006. The Veteran did not submit a timely notice of disagreement or submit new and material evidence within the appellate period. Thus, the January 2007 rating decision is final. 

In a June 2010 rating decision, the RO awarded service connection for coronary artery disease and assigned a 60 percent rating. The effective date was ultimately established as March 15, 2009. See November 2011 rating decision. The Veteran has perfected an appeal with regard to the effective date assigned for the award of service connection. 

In May 2012, the Veteran filed claims for earlier effective dates for "a higher rating for PTSD, hearing loss, tinnitus, [and] diabetes." In March 2014, the RO informed the Veteran the May 2012 letter could not be accepted as a timely notice of disagreement for earlier effective dates for the ratings currently assigned for PTSD, hearing loss, tinnitus, and diabetes. The Veteran appealed this decision. 

A. Timeliness of NOD

Upon consideration of the record, the Board finds the Veteran submitted a timely NOD with respect to the November 2003 rating decision assigning an effective date of January 22, 1999, for a compensable rating for tinnitus. Specifically, the Board finds the January 2004 statement from the Veteran is an NOD regarding the effective date assigned for the 10 percent rating in the November 2003 rating decision. Although the statement is ambiguous as to whether the Veteran was disagreeing with the effective date of the increased rating or award of service connection, the Board finds the statement can "reasonably be construed" as disagreement with the effective date for the 10 percent rating, particularly because the requested effective date postdates the effective date of the award of the service connection for tinnitus. 

The Board finds the Veteran did not file a timely NOD regarding the effective date assigned for the noncompensable rating for hearing loss, the 20 percent rating for diabetes, or the 30 percent rating for PTSD. As discussed above, service connection was granted and an initial rating assigned for hearing loss in a July 1978 rating decision. The hearing loss is still rated as noncompensable. The July 1978 decision that assigned the noncompensable rating is final: there is no record that could be interpreted as a timely NOD and new and material evidence was not received within the appellate period. 

Regarding the PTSD, a 30 percent rating was assigned in an April 2004 rating decision and continued in a July 2005 rating decision. There is no record that could be interpreted as a timely NOD with the April 2004 or July 2005 rating decision and new and material evidence was not received within the appeal period following the July 2005 rating decision. In this regard, the Board reiterates that the VA treatment and examination records dated within the appeal period following the July 2005 rating decision do not suggest a "material" change in the PTSD. Thus, the July 2005 rating decision became final. 

Regarding the diabetes, service connection was granted and a 20 percent rating assigned in a January 2007 rating decision. The diabetes is still rated at 20 percent. The January 2007 decision that assigned the 20 percent rating is final: there is no record that could be interpreted as a timely NOD and new and material evidence was not received within the appeal period. 

The pertinent legal authority is clear and specific, and the Board is bound by such authority. The Veteran did not file a timely notice of disagreement with the rating decision assigning a noncompensable rating for hearing loss, the rating decision increasing the rating for PTSD to 30 percent, or the rating decision assigning a 20 percent rating for diabetes. 

B. Earlier Effective Date for Service Connection for Coronary Artery Disease

Upon consideration of the evidence, the Board finds an effective date earlier than March 15, 2009, is not warranted. The first claim of record was received in October 2009. The first diagnosis of record is found in a private treatment record dated March 15, 2009. 

Pertinent to the instant claim, if a Nehmer class member is entitled to disability compensation for a covered herbicide disease, the effective date of the award will be the later of the date such claim was received by VA or the date the disability arose. 38 C.F.R. § 3.816(c)(2). The record indicates that the Veteran was already given the earlier of the two dates, namely the date of the first diagnosis of record. As, on these facts, no effective date for the award of service connection for ischemic heart disease earlier than March 15, 2009, is assignable, the claim for an earlier effective date must be denied based on the absence of legal merit. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


ORDER

The Board having determined that the Veteran filed a timely (NOD) in response to a rating decision assigning an effective date of January 22, 1999, for a compensable rating for tinnitus, the benefit sought on appeal is granted to this extent.

The Board having determined that an NOD was not timely filed in response to a rating decision assigning a noncompensable rating for hearing loss, the benefit sought on appeal is denied. 

The Board having determined that an NOD was not timely filed in response to a rating decision assigning an effective date of February 2, 2004, for an increased rating of 30 percent for posttraumatic stress disorder (PTSD), the benefit sought on appeal is denied. 

The Board having determined that an NOD was not timely filed in response to a rating decision assigning a 20 percent rating for diabetes mellitus, type II, the benefit sought on appeal is denied. 

Entitlement to an effective date earlier than March 15, 2009, for the award of service connection for coronary artery disease.


REMAND

As explained above the Board has determined that the appellant has filed a timely notice of disagreement with a November 2003 rating decision with respect to the effective date assigned for the compensable rating for tinnitus. A statement of the case has not been issued. This should be done. See Manlincon v. West, 12 Vet. App. 238, 240-41 (1999); VAOPGCPREC 16-92 (O.G.C. Prec. 16-92).

The record also reflects that there is a pending claim for a compensable rating for hearing loss, dating from 2008, prior to the award of a TDIU. This claim should be developed and adjudicated by the originating agency before the Board decides the TDIU claim.

An August 2014 Form 9 also appears to raise the issue of entitlement to an earlier effective date for service connection for the diabetes. This issue should also be adjudicated by the originating agency before the Board decides the TDIU claim. 

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. Issue a statement of the case on the issue of entitlement to an earlier effective date for the award of a compensable rating for tinnitus, and inform the appellant of the requirements to perfect an appeal with respect to this issue. If the appellant perfects an appeal, the RO or the AMC should ensure that all indicated development is completed before the issue is returned to the Board for appellate action.

2. Undertake any other indicated development.

3. Adjudicate the issues of entitlement to an earlier effective date for service connection for diabetes and the issue of entitlement to an increased rating for the hearing loss disability and inform the Veteran of his appellate rights with respect to the decisions.

4. Then, readjudicate the issue of entitlement to a TDIU prior to March 15, 2009. If any benefit sought on appeal is not granted to the Veteran's satisfaction, provide the Veteran with a supplemental statement of the case and afford him the requisite opportunity to respond before the case is returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The appellant need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).


 (CONTINUED ON NEXT PAGE)



As noted above this case has been advanced on the Board's docket. It must be handled in an expeditious manner by the RO or the AMC. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals






Department of Veterans Affairs