Barbara A. CARBINO, Claimant–
Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans
Affairs, Respondent–Appellee.

No. 98–7035.

United States Court of Appeals,
Federal Circuit.

Feb. 12, 1999.

Lee J. Freedman, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David M. Cohen, Director, and Joseph J. Kijewski, Assistant Director, and John K. Lapiana, Attorney. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel, and David J. Barrans, Staff Attorney, Department of Veterans Affairs, of Washington, DC.

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.

## DECISION

ARCHER, Senior Circuit Judge.

Barbara Carbino (Carbino), widow of veteran Frank S. Carbino, appeals from the judgment[1] of the Court of Veterans Appeals affirming the Board of Veterans' Appeals' denial of service connection for the cause of the veteran's death. We affirm.

## DISCUSSION

The sole issue on appeal is whether the Court of Veterans Appeals erred as a matter of law when it declined to consider the effect of an internal manual, Adjudication Procedure Manual M21-1, of the Department of Veterans Affairs (Manual), which was cited and relied upon by Carbino for the first time in her reply brief in that court. Carbino contended that Part III, ¶ 1.03(a) (February 23, 1996) and Part VI, ¶ 2.10(f) (August 5, 1996) of the Manual had the effect of lessening the preliminary evidentiary burden placed on a claimant for veterans benefits for a well-grounded claim and expanding the agency's duty to assist a claimant in establishing such a claim. According to Carbino, these internal Manual provisions constituted binding substantive rules and imposed a duty on the agency to assist her in establishing a well-grounded claim. In her opening brief,

Stephen L. Purcell, Disabled American Veterans, of Washington, DC, argued for claimant-appellant. Of counsel on the brief was Ronald L. Smith.

---

1. On November 6, 1997 the Court of Veterans Appeals issued its opinion affirming the decision of the Board of Veterans' Appeals. *Carbino v.* *Gober,* 10 Vet.App. 507 (1997). Carbino's motion for reconsideration was denied by an Order dated December 18, 1997 ("Order").

however, Carbino asserted that her claim was well-grounded.

The Court of Veterans Appeals affirmed the decision of the Board of Veterans' Appeals, which had held that Carbino's claim was not well-grounded within the meaning of 38 U.S.C. § 5107(a) because the service connection and medical nature of the veteran's condition were not established. In doing so, it did not consider the contentions in Carbino's reply brief concerning the Manual provisions. The court noted that the provisions did not seem to be "particularly well thought out" and stated:

> [T]he appellant has raised this issue for the first time in her reply brief. That is contrary to Rule 28(a)(3) of the Court's Rules of Practice and Procedure which requires a statement of the issues in the appellant's brief. The Court notes that the appellant's brief was filed on May 27, 1997, long after the effective date of Manual M21–1, Part VI, para. 2.10f and Part III, para. 1.03a....Our declination is also based on the belief that the Acting Secretary, the Board, and the General Counsel ought first to address the issue; then, if necessary, the Court can review the question.

*Carbino,* 10 Vet.App. at 510–11.

The Court of Veterans Appeals is authorized by statute to prescribe rules for the conduct of its proceedings. *See* 38 U.S.C. § 7264(a) (1994). The court's Rule 28(a)(3) is similar to the corresponding rule of the Federal Rules of Appellate Procedure. *See* Fed. R.App. P. 28(a). In applying that rule, courts have consistently concluded that the failure of an appellant to include an issue or argument in the opening brief will be deemed a waiver of the issue or argument. *See e.g., Becton Dickinson & Co. v. C.R. Bard, Inc.,* 922 F.2d 792, 800 (Fed.Cir.1990). We agree with the Court of Veterans Appeals that the question of the applicability and effect of the Manual was not properly and timely raised under that court's rules. Carbino's opening brief did not contend that the agency had a duty to assist her in establishing a well-grounded claim. Rather, Carbino asserted that her claim was well-grounded as filed.

Carbino now contends, however, that 38 U.S.C. § 7261(a)(1) obligates the Court of Veterans Appeals to decide the legal question, even though not timely raised, of whether the agency, by adopting the provisions of the Manual, expanded the definition of a well-grounded claim and expanded its duty to assist in developing the evidentiary record for such a claim. Carbino argues that the court must, in accordance with § 7261(a)(1), "decide all relevant questions of law" necessary to its decision, and that the untimely raised issue was such a question of law.

We reject this argument. Section 7261(a) provides only that the Court of Veterans Appeals "shall" decide all relevant questions of law "to the extent necessary to its decision and *when presented.*" 38 U.S.C.§ 7261(a)(1) (1994) (emphasis added). That court's rules govern the determination of when an issue or argument is properly presented for decision. An improper or late presentation of an issue or argument under the court's rules need not be considered and, in fact, ordinarily should not be considered.

This court has stated that under Fed. R.App. P. 28(c) a reply brief should "reply to the brief of the appellee" and "is not the appropriate place to raise, for the first time, an issue for appellate review." *Amhil Enterprises Ltd. v. Wawa, Inc.,* 81 F.3d 1554, 1563 (Fed.Cir.1996); *see also Regents of the Univ. of California v. Eli Lilly & Co.,* 119 F.3d 1559, 1565–66 (Fed.Cir.1997). There is substantial and well-established precedent in other courts, as well, holding that issues initially raised in a reply brief should not be entertained. *See e.g., Headrick v. Rockwell Int'l Corp.,* 24 F.3d 1272, 1277–78 (10th Cir. 1994) (applying "the general rule that appellate courts will not entertain issues raised for the first time on appeal in an appellant's reply"); *Frazier v. Bailey,* 957 F.2d 920, 932 n. 14 (1st Cir.1992) ("arguments raised in a reply brief are insufficient to preserve a claim on appeal"); *Reynolds v. East Dyer Dev. Co.,* 882 F.2d 1249, 1253 n. 2 (7th Cir. 1989) ("it is improper to present new arguments in a reply brief").

There are cogent reasons for not permitting an appellant to raise issues or arguments in a reply brief. Among them are the

unfairness to the appellee who does not have an opportunity to respond and the added burden on the court that a contrary practice would entail. As the Tenth Circuit put it, permitting an appellant to raise new arguments in a reply brief "would be unfair to the court itself, which without the benefit of a response from appellee to an appellant's late-blooming argument, would run the risk 'of an improvident or ill-advised opinion, given [the court's] dependence ... on the adversarial process for sharpening the issues for decision.'" *Headrick,* 24 F.3d at 1278 (quoting *Herbert v. Nat'l Academy of Sciences,* 974 F.2d 192, 196 (D.C.Cir.1992)).

■ In view of the statutory language of § 7261 requiring legal issues to be decided by the Court of Veterans Appeals "when presented" and the compelling precedent that appellate courts should not consider an issue or argument raised for the first time in a reply brief, we conclude that the Court of Veterans Appeals properly declined to consider Carbino's untimely contentions. We construe the words "when presented" in the statute to mean properly presented in accordance with the procedural rules that the Court of Veterans Appeals was authorized to prescribe for the conduct of its proceedings.

Finally, Carbino makes the argument that the Supreme Court's decisions in *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) and *Elder v. Holloway,* 510 U.S. 510, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994) support her position that appellate review of a question of law must consider all relevant legal authorities, whether cited by the parties in any of the briefs or identified independently by the court. In those cases, however, new issues and arguments were not first presented in a reply brief.

In *Kamen,* the Supreme Court acknowledged that courts of appeals have "discretion to deny a party the benefit of favorable legal authorities when the party fails to comply with reasonable local rules on the timely presentation of arguments." *Kamen,* 500 U.S. at 100 n. 5, 111 S.Ct. 1711. There, the court of appeals did not apply Supreme Court precedent that state law should be incorporated in formulating a rule of federal common law for private causes of action under the federal securities law because petitioner, while raising the issue in the opening brief, had neglected to assert the status of the state law until the reply brief. The Court concluded, under these circumstances, that the court of appeals should have considered state law in fashioning the federal rule.

Carbino's reliance on *Elder* is similarly misplaced. In *Elder,* the Court held that "appellate review of qualified immunity dispositions is to be conducted in light of all relevant precedents, not simply those cited to, or discovered by, the district court." *Elder,* 510 U.S. at 512, 114 S.Ct. 1019. The Court determined that the court of appeals misinterpreted Supreme Court precedent in *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) ("to defeat qualified immunity, the federal right on which the claim for relief is based ... must be clearly established") in reaching its holding that cases unmentioned in the district court could not control on appeal. In reviewing the decision of the court of appeals, the Court clarified that *Davis* did not concern what authorities a court may consider in determining qualified immunity. *See Elder* at 515, 114 S.Ct. 1019. Further, the Court noted that petitioner had, in fact, mentioned in his brief before the court of appeals the particular case the court of appeals found to be "unearthed too late." *Id.* at 513 n. 2, 514, 114 S.Ct. 1019.

■ Congress has provided the Court of Veterans Appeals the express authority to promulgate its rules, practice and procedure, *see* 38 U.S.C. § 7264(a), and it is appropriate for the Court of Veterans Appeals to have discretionary authority to apply its rules as other courts of appeals. *See Kamen,* 500 U.S. at 100 n. 5, 111 S.Ct. 1711. In the instant case the issue of the Manual and Carbino's arguments related to it were raised

for the first time in her reply brief and had not previously been considered in appellee's answering brief or by the agency or the Board of Veterans Appeals. The Court of Veterans Appeals properly applied its rules on timeliness. The judgment of the Court of Veterans Appeals is, therefore, affirmed.

*AFFIRMED.*