NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7116

MELTON JACKSON, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  March 1, 2005

_____

Before MICHEL, Chief Judge,[*] GAJARSA, and LINN, Circuit Judges.

Opinion for the court filed by Circuit Judge Gajarsa.  Dissenting opinion filed by Circuit Judge Linn.

PER CURIAM.

    Melton Jackson, Jr. appeals from the judgment of the United States Court of

Appeals for Veterans Claims ("Veterans' Court") in favor of the government, dismissing

Jackson's contention that his service-connected schizophrenia is entitled to an effective-

date of November 1991, and affirming the decision of the Board of Veterans Appeals

_____

[*] Paul R. Michel assumed the position of Chief Judge on December 25, 2004.

setting the effective-date of the entitlement at September 24, 1997. <u>Jackson v. Principi</u>, No. 01-1975, 2004 WL 1045921 (Vet. App. Apr. 16, 2004) ("<u>Jackson</u>").

Jackson grounds his argument of entitlement to a November 1991 effective-date on the basis that equity prevents the government from deeming his 1991 informal claim abandoned. His premise is that the government failed to provide him sufficient notice of the claim abandonment provisions in applicable federal regulations. The Veterans' Court determined that Jackson waived this argument. Because we find jurisdiction established, and that the Veterans' Court properly determined that Jackson waived his abandonment argument, we <u>affirm</u>.

I.

Jackson served on active duty in the military from November 1973 to January 1976. <u>Jackson</u> at *1. In 1981, he filed a formal application to the Veteran's Administration ("VA") for disability benefits, claiming a connection between a nervous condition and his military service. The VA denied his application, observing that Jackson's service record showed no connection between the claimed nervous condition and Jackson's military service. Jackson did not appeal.

In 1986, Jackson tried to reopen his 1981 claim using medical records spanning August 1975 to June 1985. At this point he claimed that his nervous condition included schizophrenia. In May 1987, the VA notified Jackson that it could not reopen his claim, as there was still no evidence showing that his condition was incurred during, or aggravated by, his military service. Jackson did not appeal.

In 1991, Jackson mailed letters to President George H. W. Bush and Senator Strom Thurmond, copies of which were forwarded to a VA regional office ("RO"). The

04-7116

letters sought assistance in establishing service-connected disability benefits. In December 1991, the RO replied to Jackson's letter in the following terms:

> In 1981, you filed for service-connection for a paranoid reaction. This claim was denied as there was no indication, or notation made in your service medical records, of treatment for a nervous condition. You were notified of that decision by letter of October 23, 1981. In the absence of a timely appeal, our decision became final.
>
> You may reopen your claim at any time by submitting new and material evidence showing that these conditions were incurred in or aggravated by military service. … [describing relevant evidence] … Upon receipt of such evidence, your claim will be carefully considered.

The December 1991 letter made no mention of regulations controlling whether a claim is abandoned for lack of prosecution. That regulation, 38 C.F.R. § 3.158(a), provides in relevant part:

> [W]here evidence requested in connection with an original claim, a claim for increase or to reopen or for the purpose of determining continued entitlement is not furnished within 1 year after the date of request, the claim will be considered abandoned. After the expiration of 1 year, further action will not be taken unless a new claim is received. Should the right to benefits be finally established, pension, compensation, dependency and indemnity compensation, or monetary allowance under the provisions of 38 U.S.C. chapter 18 based on such evidence shall commence not earlier than the date of filing the new claim.

38 C.F.R. § 3.158(a) (emphasis added).

There is no evidence Jackson ever responded to the RO's December 1991 letter.

But Jackson kept writing. On September 24, 1997, the RO received a letter Jackson had sent to Senator Strom Thurmond, again seeking assistance in prosecuting his claim of service-connected schizophrenia. In October 1997, the RO denied this claim. Jackson appealed this denial.

On May 1, 1999, a VA examiner reported Jackson's illness likely began while in the service. On May 20, 1999, the RO granted Jackson's claim for service-connected

04-7116

- 3 -

schizophrenia at a 100% disability rating, effective September 24, 1997. Jackson appealed that decision to the Board of Veterans Appeals ("Board"), arguing his claim is entitled to an earlier effective-date.

On August 2, 2001, the Board rejected Jackson's appeal. It noted the RO's 1981 and 1987 denials were final, and that Jackson had not replied to the RO's 1991 denial. Mentioning Jackson's 1991 and 1997 letters, the Board stated that "even if such letters may be construed to be informal claims under 38 C.F.R. § 3.155, the fact remains that nexus opinion relating the veteran's schizophrenia to his service was not received until May 1999." In re Jackson, No. 99-23 875A, at 12 (Bd. Vet. App. Aug. 2, 2001). The Board concluded Jackson's entitlement "arose" on May 1, 1999, the date of his VA medical examination, and was entitled to an effective date no earlier than September 24, 1997, the date of his reopened claim. Id. Jackson appealed.

Before the Veterans' Court, Jackson made a series of arguments. First, in his opening brief, Jackson argued his November 1991 letter was "a valid informal claim" that required the VA to forward him a formal application under 38 C.F.R. § 3.155(a) before the "one-year filing requirement of a formal claim" could run. In its opposition the government correctly observed, as the Veterans' Court found, that there was no such requirement regarding a formal application. Jackson, 2004 WL 1045921 at *4. The government further argued that the December 1991 RO letter satisfied all VA notice obligations. In reply, Jackson argued the RO's December 1991 letter did not satisfy the VA's notice obligations because "[t]he letter gave the impression that [Jackson's] claim remained *indefinitely* viable so long as new and material evidence were ultimately submitted." Therefore, Jackson argued, the government could not apply the

04-7116

- 4 -

abandonment provisions of Rule 3.158(a) to the December 1991 denial letter. Jackson characterizes this argument from his reply brief to the Veterans' Court as the "equitable estoppel" argument in this appeal.

The Veterans' Court rejected this contention, deeming Jackson's equitable argument waived.

> The Court declines to address [Jackson's notice argument] because it was raised for the first time in his reply brief. *See Costantino v. West*, 12 Vet. App. 517, 521 (1999); *Henderson v. West*, 12 Vet. App. 11, 18-19 (1998); *Carbino v. Gober,* 10 Vet. App. 507, 511 (1997), *aff'd,* 168 F.3d 32, 34 (Fed. Cir. 1999). However, the Court notes that the appellant has not cited any authority to support his assertion that VA was required to notify him that his claim would be deemed abandoned if he failed to submit additional evidence within one year; nor has he articulated how § 3.158(a) would be obviated by any such failure to notify. *See* [Morris v. Derwinski, 1 Vet. App. 260, 265 (1991) (holding that claimants are deemed to have knowledge of requirements of § 3.158(a) and that "abandonment pursuant to 38 C.F.R. § 3.158(a) cannot be set aside or waived on grounds of alleged ignorance of regulatory requirements")].

Jackson, 2004 WL 1045921, at *4.[1] The Veterans' Court affirmed the Board's decision.

With this appeal Jackson asks the court to determine that the VA is "estopped from considering the November 1991 informal claim as abandoned in light of the VA's failure to advise Mr. Jackson of the one-year abandonment provision and in view of its misleading correspondence of December 1991." Our jurisdiction is controlled by 38 U.S.C. § 7292.

II.

Section 7292 provides, in relevant part,

> After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a

---

[1] The Veterans' Court adopted this parenthetical description of Morris from its opinion, Jackson, 2004 WL 1045921, at *3. That is, the Veterans' Court expressly relied on the due process holding of Morris.

review of the decision with respect to the validity of a decision of the Court [1] on a rule of law or [2] of any statute or regulation … or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision.

38 U.S.C. § 7292(a) (2000), amended by Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832. The statute further provides that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that an appeal "presents" a constitutional issue. Id. § 7292(d)(2). Section 7292 provides this court jurisdiction to review whether the Veterans' Court applied the correct legal standard for waiver.

III.

It is a general rule of appellate procedure that an appellant waives issues or arguments raised for the first time in a reply brief. See Carbino v. West, 168 F.3d 32, 34 (Fed. Cir. 1999); Becton Dickinson & Co. v. C.R. Bard, Inc., 922 F.2d 792, 800 (Fed. Cir. 1990); accord 16A C.A. Wright, A.R. Miller, and E.H. Cooper, Federal Practice and Procedure § 3974.3 (3d ed. 1999) ("[I]t is clearly settled that the appellant cannot raise new issues in a reply brief; it can only respond to arguments raised for the first time in the appellee's brief."), & n.3 (collecting cases) ("Federal Practice & Procedure"). The textual basis for the rule is typically taken as Fed. R. App. P. 28(a); in Carbino v. Gober, 10 Vet. App. 507, 511 (1997), the Veterans' Court rooted this analysis in its Rule of Practice 28(a)(3) (requiring a statement of issues in the opening brief), analogous to Fed. R. App. P. 28(a)(5) and Fed. Cir. R. 28(a)(6). This rule furthers the basic purpose of the appellate system by forcing the appellant to raise all his arguments in a manner amenable to adversarial testing.

04-7116

The rule has well-recognized exceptions. In <u>Netword, LLC v. Centraal Corp.</u>, 242 F.3d 1347 (Fed. Cir. 2001), this court explained that "[w]hen a potentially material issue or argument in defense of the judgment is raised for the first time in the appellee's brief, fundamental fairness requires that the appellant be permitted to respond" to avoid a waiver. 242 F.3d at 1356. The commentators agree. <u>See</u> 16A <u>Federal Practice & Procedure</u> § 3974.3 (explaining the reply is proper where the opponent "has introduced a new issue or basis for upholding the decision below") (quoting Michael E. Tigar, <u>Federal Appeals: Jurisdiction and Practice</u> 356 (2d ed. 1993)); 5 Am. Jur. 2d Appellate Review § 561 (recognizing court's discretion, when required by the interests of justice, to consider issues raised for the first time in reply).

The Veterans' Court found Jackson's estoppel argument waived. Jackson argues the <u>Netword</u> exception applies because not until its opposition brief did the government contend the VA satisfied all its notice obligations. Consequently, Jackson argues, fundamental fairness requires he be allowed to respond.

We hold that the Veterans' Court applied the correct rule of waiver and we affirm its judgment

Each party will bear its own cost.

04-7116

NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7116

MELTON JACKSON, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

LINN, Circuit Judge, dissenting.

The Court of Appeals for Veterans Claims ("Veterans' Court") refused to consider Jackson's estoppel argument presented for the first time in his reply brief, holding that it had been waived.[1]  Jackson v. Principi, No. 01-1975, slip op. at 3 (Vet. App. Apr. 16, 2004).  I agree that this court has jurisdiction to hear Jackson's appeal.  However, I disagree with the conclusion reached by the majority that the Veterans' Court correctly applied the waiver rule in this case.  I therefore respectfully dissent.

Before the Board, Jackson argued that he was entitled to an earlier effective date of his prior award of compensation, claiming both the benefit of earlier claims to reopen

---

[1]      The majority reports that the Veterans' Court both held this argument waived and rejected it on the merits.  Ante at 5 & n.1.  I believe the court's explicit statement that it "decline[d] to address" the point makes clear that the argument was not addressed on the merits, notwithstanding the citation to Morris.  To the extent that the Veterans' Court did in fact reach the argument on the merits, it would not be waived and would be before us for review.

and an earlier date of entitlement. The Board did not consider whether Jackson's 1991 letter constituted an informal claim and did not determine whether that informal claim, if it existed, had been abandoned. Rather, the Board decided the case on the entitlement issue, remarking that "the effective date of an award of compensation based on a claim reopened after final disallowance will be the date of receipt of the claim or the date entitlement arose, *whichever is later.*" In re Jackson, No. 99-23 875A, slip op. at 12 (Bd. Vet. App. Aug. 2, 2001). Specifically, the Board determined that "the veteran's entitlement to service connection for schizophrenia arose no earlier than the date of this medical opinion which first links the veteran's schizophrenia to his military service, that is, May 1, 1999." Id. As to the 1991 letter, among other letters, the Board remarked that "even if such letters may be construed to be informal claims under 38 C.F.R. § 3.155, the fact remains that nexus opinion relating the veteran's schizophrenia to his service was not received until May 1999." Id. Thus, the Board did not consider whether the 1991 letter constituted an informal claim, nor did it consider whether such a claim had been abandoned. The Board's decision was based on the date of entitlement.

As this court explained in Netword, LLC v. Centraal Corp., 242 F.3d 1347, 1356 (Fed. Cir. 2001), "When a potentially material issue or argument in defense of the judgment is raised for the first time in the appellee's brief, fundamental fairness requires that the appellant be permitted to respond, lest the appellate court deem the point conceded." The Board never ruled on the effect of the November 1991 letter as an informal claim, and Jackson had no reason to anticipate the abandonment argument, even when asserting the pendency of his 1991 claim. Thus, fundamental fairness requires that Jackson be permitted to respond to the new issue.

Because I would reverse the Veterans' Court's interpretation of the waiver rule to preclude consideration of the equitable estoppel argument in this case, I would remand the case to the Veterans' Court to consider Jackson's equitable estoppel contention in the first instance. I express no view as to whether such an argument is tenable against the government or, if so, whether it has any application to the facts of this case.