# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-4730

THOMAS SMITH, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENBERG, ALLEN, and FALVEY, *Judges.*

**O R D E R**

FALVEY, *Judge*, filed the opinion of the Court. GREENBERG, *Judge*, filed a dissenting opinion.

Air Force veteran Thomas Smith appealed a Board of Veterans' Appeals decision denying him specially adapted housing (SAH) benefits. Unfortunately, Mr. Smith passed away before the case was briefed and before the Court could reach the merits of his claim. His adult daughter, Christine Hicks, has moved to be substituted as appellant in his place. We are asked to decide whether the law allows this substitution.

Ms. Hicks's motion highlights some unresolved questions in our substitution doctrine. One question is whether 38 U.S.C. § 5121A allows us to substitute parties when a claim, like the one here, is for a one-time, lump-sum benefits payment rather than for recurring, periodic benefits payments. Another is whether this substitution is alternatively permitted under *Padgett v. Nicholson*, 473 F.3d 1364, 1367 (Fed. Cir. 2007), and its progeny, a body of law that preceded section 5121A and allowed the Court to both issue a decision and grant substitution nunc pro tunc to a date before the veteran's death. Because of its potential legal complexities, the motion was sent to a panel of the Court for a decision. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990).

Ultimately, we need not answer any broad questions about substitution to resolve Ms. Hicks's motion. After reviewing the parties' filings and hearing oral argument, the Court concludes that Ms. Hicks fails to show that she meets any of the possible legal standards for substitution. Thus, we will deny her motion, vacate the underlying Board decision, and dismiss the appeal.

## I. BACKGROUND

The dispute over Mr. Smith's entitlement to SAH benefits dates back more than two decades. He left active duty in July 1978 and later received service connection for a low back disability. July 2015 Board Decision (Bd. Dec.) at 2, 7. To relieve Mr. Smith's back symptoms, a VA physician prescribed pool therapy, which the veteran received at a VA facility. *Id.* at 7. But the VA pool eventually became unavailable to Mr. Smith and he decided to build his own. *Id.* At least as early as December 1999, he sought VA funding to build a home therapy pool. *Id.*

But before receiving VA approval, Mr. Smith built his therapy pool in June 2007 as an outbuilding at his home and took out a mortgage to finance it. *Id.* at 8. In March 2010, he filed the claim now on appeal, seeking SAH benefits as a reimbursement of his costs to build the home therapy pool. *Id.* The regional office denied the claim and the veteran appealed to the Board. On July 29, 2015, the Board denied SAH benefits. *Id.* at 10. And in May 2018, the Board Chairman denied reconsideration. May 2018 Reconsideration Dec. at 2.

In August 2018, Mr. Smith, through counsel, appealed to the Court. Unfortunately, in June 2019, before either party had submitted a merits brief, the veteran passed away. Later that month, the Court ordered the appellant's counsel to show cause why the Court should not vacate the Board's decision and dismiss the appeal. In October 2019, the appellant's counsel responded that one of Mr. Smith's adult children should be substituted for him. Response (Resp.) to June 2019 Order at 2-7. In November 2019, the Court ordered the Secretary to respond to the appellant's counsel's filing.

In January 2020, the Secretary responded that the Board decision should be vacated and the appeal dismissed because the appellant's counsel had not moved for an eligible accrued-benefits claimant to be substituted before the Court. Resp. to Nov. 2019 Order at 1-3 (citing *Breedlove v. Shinseki*, 24 Vet.App. 7, 21 (2010)). The Secretary stated that VA must determine a person's eligibility as an accrued-benefits claimant under 38 U.S.C. § 5121 before that person can be substituted under *Breedlove*. *Id.* at 3. But, the Secretary asserted, *Breedlove* only allows substitution for accrued benefits—not for non-accrued benefits. *Id.*

On January 22, 2020, the appellant's counsel moved to substitute Ms. Hicks as the appellant before this Court. Motion for Substitution at 1. In September 2020, Ms. Hicks responded to a July 2020 Court order and argued that she should be substituted under *Breedlove* because she is a person eligible to receive accrued benefits. Resp. to July 2020 Order at 2-3.

In December 2020, the Secretary informed the Court that Ms. Hicks had failed to file an application with VA to determine her eligibility as an accrued-benefits claimant. Resp. to Oct. 2020 Order at 3-6. The Secretary explained that an application for accrued benefits must be filed within one year of the veteran's death and that, without that application as well as an accrued-benefits eligibility determination from VA, Ms. Hicks could not be substituted as the appellant before the Court. *Id.* at 3-8. The Secretary then asked the Court to deny Ms. Hicks's motion for substitution. *Id.* at 8.

In April 2021, the Court ordered Ms. Hicks to inform us whether she had filed an accrued-benefits application with VA. In her response, Ms. Hicks did not claim that she had applied for accrued benefits with VA, but she maintained that she was an eligible accrued-benefits recipient and could be substituted as appellant. Resp. to Apr. 2021 Order at 1-14.

In June 2022, after finding that Ms. Hicks's motion might require us to address novel questions about our substitution doctrine, the Court convened a panel to decide the motion. The Court heard oral argument on September 6, 2022.

2

During oral argument, the Court ordered the Secretary to file copies of any letters sent to Ms. Hicks or Mr. Smith's estate with instructions for continuing the appeal after the veteran's death. The Court also ordered Ms. Hicks to file a copy of any application for accrued benefits that she had submitted to VA as well as a copy of an order appointing her as the personal representative of Mr. Smith's estate.

In response, the Secretary submitted copies of two July 2019 letters advising Mr. Smith's estate that a person eligible to receive accrued benefits might be able to substitute for his claim and providing a web address for a VA fact sheet with more information about submitting an application for accrued benefits. Secretary's Resp. to Filing Order Exhibits (Exs.) B, C. Ms. Hicks filed a copy of a District of Columbia Superior Court order appointing her as the personal representative for the veteran's estate and a copy of a January 2020 VA Form 21-22a (Appointment of Individual as Claimant's Representative) listing Ms. Hicks as claimant and the appellant's counsel as her appointed representative. Proposed Substitute-Appellant's Resp. to Filing Order Exs. 1, 2. But she provided no evidence of having applied for accrued benefits before VA, although she attached another 13 exhibits and included a section of argument addressing those exhibits. *See id.* at 2-10; Exs. 3-15.

On September 23, 2022, the Secretary filed an opposed motion to strike the section of argument in Ms. Hick's response as well as her "approximately 100 pages of exhibits" that the Secretary deemed unresponsive to the Court's filing order. Opposed Motion to Strike at 3. On October 5, 2022, Ms. Hicks filed her opposition to the motion to strike, asserting that the additional documents and argument were intended to inform the Court about "important questions . . . that either were not briefed or not fully addressed at oral argument." Opposition to Motion to Strike at 9. We will address this motion below.

## II. PARTIES' ARGUMENTS

Ms. Hicks offers three potential grounds for her to be substituted in her late father's appeal. First, she asserts that she can be substituted under the Court's substitution doctrine as explained in *Breedlove*. Resp. to April 2021 Order at 9-12. She claims that 38 U.S.C. § 5121A, which informed the Court's decision in *Breedlove*, allows substitution in "a claim for *any* benefit under a law administered by the Secretary," 38 U.S.C. § 5121A (emphasis added), if the substitute-claimant is eligible to receive accrued benefits under 38 U.S.C. § 5121. Resp. to April 2021 Order at 10. And she argues that she is eligible to receive accrued benefits under section 5121 because she bore the expenses of Mr. Smith's last sickness and burial. Resp. to April 2021 Order at 11-12 (citing 38 U.S.C. § 5121(a)(6)). Thus, she contends, she should be able to substitute in his claim for SAH benefits. *Id.*

Second, Ms. Hicks argues that she can be substituted for Mr. Smith through nunc pro tunc relief under the body of law that we routinely applied before we decided *Breedlove. Id.* at 6-9. She notes that, although parties rarely seek nunc pro tunc relief instead of substitution under *Breedlove* and section 5121A, *Breedlove* did not overrule the prior body of law, and we have not held that substitution is unavailable in claims for one-time benefits. *Id.* at 6, n.7; *see Suguitan v. McDonald*, 27 Vet.App. 114, 118-19 (2014). She asserts that she satisfies the pre-*Breedlove* test for nunc pro

3

tunc relief and that this is a proper basis for the Court to substitute her as appellant. Resp. to April 2021 Order at 7-9; *see Suguitan*, 27 Vet.App. at 119.

Third, Ms. Hicks contends that she can be substituted under Rule 43(a)(2) of the Court's Rules of Practice and Procedure because she is the personal representative of Mr. Smith's estate. Resp. to April 2021 Order at 4-6. She notes that Rule 43(a)(2) allows substitution by "'the personal representative of the deceased party's estate [. . .] to the extent permitted by law'" and asserts that she is permitted by law to substitute because of her standing as a person who would receive part of any benefits awarded to Mr. Smith's estate. *Id.* (quoting U.S. VET. APP. R. 43(a)(2)). Once she is substituted as the personal representative of Mr. Smith's estate, Ms. Hicks contends, the estate can, under 38 C.F.R. § 36.4406(c), receive reimbursement of any undisbursed SAH benefits. *See* Resp. to April 2021 Order at 12-13; Oral Argument at 16:18-17:13; *see also* 38 C.F.R. § 36.4406(c) (2022).

The Secretary opposes the motion for substitution. He contends that substitution under section 5121A and *Breedlove* applies only to periodic benefits and that SAH is a nonperiodic benefit. Resp. to March 2020 Order at 3; Secretary's Resp. to Nov. 2019 Order at 2-3. Thus, he asserts, substitution is not warranted here regardless of Ms. Hicks's eligibility as an accrued-benefits claimant. Resp. to March 2020 Order at 3; Resp. to Nov. 2019 Order at 2-3. What's more, the Secretary argues, Ms. Hicks never applied for a VA determination of her eligibility as an accrued benefits claimant. Resp. to Oct. 2020 Order at 3-5. Because of this, the Secretary argues, Ms. Hicks does not qualify to be substituted. *Id.* at 4-7. The Secretary also argues that nunc pro tunc relief is unavailable to Ms. Hicks because she lacks standing. Resp. to March 2020 Order at 4.

### III. DISCUSSION

Before considering the merits, we will first address the Secretary's pending opposed motion to strike. The Secretary expresses concern that Ms. Hicks's counsel has submitted a substantive response and numerous documents that are outside the scope requested in the Court's order. We agree with the Secretary that the response went beyond what the Court requested and certainly beyond what Ms. Hicks's counsel alluded to during oral argument. As an experienced attorney, Ms. Hicks's counsel should understand that submitting unsolicited evidence and argument— especially after oral argument—is inappropriate. *See Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("An improper or late presentation of an issue or argument . . . ordinarily should not be considered."), *aff'g Carbino v. Gober*, 10 Vet.App. 507, 511 (1997); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."). That said, because our disposition of this matter does not involve the parts of Ms. Hick's September 14, 2022, response that the Secretary moves to strike, we will deny the motion to strike as moot. We now turn to the merits.

The party moving for substitution bears the burden of showing that substitution is proper. *Nat'l Org. of Veterans Advocs., Inc. v. Sec'y of Veterans Affs.*, 809 F.3d 1369, 1362 (Fed. Cir. 2016) (*NOVA*); *Sucic v. Shulkin*, 29 Vet.App 121, 126 (2017). Similarly, a party seeking to

4

substitute through nunc pro tunc relief bears the burden of persuasion. *See Suguitan*, 27 Vet.App. at 119 (finding that a party did not meet his burden of showing that he was eligible for nunc pro tunc relief). Thus, it is Ms. Hicks's burden to show that she can be substituted.

## A. Substitution Under *Breedlove*

We first consider Ms. Hicks's argument that she can be substituted under *Breedlove* because she is an eligible accrued-benefits claimant. We recognized in *Breedlove* that, although section 5121A does not bind the Court, Congress's enactment of the statute in 2008 "alter[ed] the underpinnings of th[e] Court's jurisprudence on substitution" and allowed eligible accrued-benefits beneficiaries to be substituted as parties before the Court. 24 Vet.App. at 8. Although *Breedlove* addressed section 5121A substitution in claims for periodic benefits, our caselaw has not clarified whether it is available in claims for nonperiodic benefits like the one here. In *Suguitan*, without holding either way, the Court accepted the proposed substitute-appellant's concession that section 5121A and *Breedlove* do not allow substitution when the claim is for a nonperiodic, lump-sum payment. *Suguitan*, 27 Vet.App. at 118.

Unlike the proposed substitute-appellant in *Suguitan*, Ms. Hicks here asserts that section 5121A and by extension *Breedlove* allow substitution in claims for nonperiodic benefits. Resp. to July 2020 Order at 2-3. She notes that section 5121A allows substitution when "a claimant dies while a claim for *any* [VA] benefit" is pending as long as the proposed substitute is a person "'who *would be* eligible to receive accrued benefits under section 5121(a).'" *Id.* at 2 (quoting 38 U.S.C. § 5121(a) (emphasis added)). That is, section 5121A does not distinguish between claims for periodic and nonperiodic benefits and allows substitution in claims for either. According to this argument, if a proposed substitute-appellant would be eligible to receive hypothetical accrued benefits under section 5121(a), then that person can be substituted under *Breedlove* and section 5121A, regardless of whether the actual claim is for periodic or nonperiodic benefits. *Id.* at 2-3.

Despite any potential merit of Ms. Hicks's argument about the proper reading of *Breedlove* and section 5121A, that is a question for another day. On these facts, we need not decide whether substitution under *Breedlove* is possible in a claim for nonperiodic benefits. This is because Ms. Hicks fails to show that she is an eligible accrued-benefits claimant under section 5121, which is a prerequisite for substitution under *Breedlove*.

Substitution under *Breedlove* requires "a determination as to whether a particular movant is an eligible accrued-benefits claimant." 24 Vet.App. at 20. Eligibility as an accrued-benefits claimant is "a factual determination that . . . must be made by VA in the first instance" and is "determined in accordance with section 5121." *Id.* at 20-21; *see* 38 U.S.C. § 5121A(b). In turn, section 5121 provides that "[a]pplications for accrued benefits must be filed within one year after the date of [the original claimant's] death." 38 U.S.C. § 5121(c); *see Breedlove*, 24 Vet.App. at 21 (citing section 5121(c)). An application for accrued benefits is no mere formality; it requires the proposed substitute-appellant to provide evidence of eligibility as an accrued-benefits claimant so that VA may apply the law to the facts and decide the matter. *See* 38 C.F.R. § 3.1010(d) (2022); *see also Breedlove*, 24 Vet.App. at 20-21.

5

Here, there is no evidence that, within one year of Mr. Smith's death, Ms. Hicks applied for a VA determination of her eligibility as an accrued-benefits claimant. This is true even though the Court provided Ms. Hicks an additional opportunity to submit such evidence.[1] *See* Proposed Substitute-Appellant's Resp. to Filing Order Exs. 1-15. Indeed, there is no allegation that she ever filed or tried to file such an application. Nor is there evidence of a determination by the Secretary that she is eligible to be substituted. Because a determination of accrued-benefits eligibility under section 5121 is required for substitution under *Breedlove* and section 5121A, Ms. Hicks's failure to timely obtain this determination means that she fails to show that she may be substituted here.[2] *See* 24 Vet.App. at 20; *see also NOVA*, 809 F.3d at 1362; *Zevalkink v. Brown*, 102 F.3d 1236, 1244 (Fed. Cir. 1996) (noting that this Court cannot make the factual determination of a person's eligibility as an accrued-benefits claimant).

## B. The Nunc Pro Tunc Standard

Ms. Hicks also argues that she may be substituted through the Court's application of nunc pro tunc relief. Resp. to April 2021 Order at 6-9. She notes that, even after *Breedlove* articulated the Court's substitution doctrine based on section 5121A, *Suguitan* relied on the *Padgett* line of cases to consider relief on a nunc pro tunc basis, although the *Suguitan* Court denied such relief. *Id.* at 6-7; *see Suguitan*, 27 Vet.App. at 119. And she asserts that she satisfies the nunc pro tunc standard laid out in the Court's caselaw. Resp. to April 2021 Order at 7-9.

Drawing from prior cases, the *Suguitan* Court summarized the nunc pro tunc standard as having three elements: "(1) that the veteran died after the case was submitted to this Court for decision; (2) that substitution is appropriate because the person seeking substitution has standing; and (3) that considerations of justice and fairness have been satisfied." 27 Vet.App. at 119 (citing *Pekular v. Mansfield*, 21 Vet.App. 495, 500 (2007)); *see Padgett*, 473 F.3d at 1367-69.

Ms. Hicks fails to satisfy the nunc pro tunc standard because Mr. Smith died before the case was submitted to the Court for a decision. As recognized in cases including *Padgett*, *Pekular*, and *Suguitan*, one of the requirements for receiving nunc pro tunc relief is that the case must have

---

[1] During oral argument, the Court provided Ms. Hicks an additional opportunity to submit evidence that she filed an accrued-benefits application with VA. However, as we already explained, she did not do so. Instead, Ms. Hicks resubmitted a January 2020 VA Form 21-22a listing Ms. Hicks as claimant and the appellant's counsel as her appointed representative. This is not the correct form. A VA Form 21-22a is used for appointing an individual as a representative of a claimant, which is very different from applying for accrued benefits using forms such as VA Form 21P-601, the application form for accrued amounts due a deceased beneficiary or VA Form 21P-534, the application form for receiving accrued benefits as a surviving spouse or child. *Compare* VA Form 21-22a (Feb. 2019), available at https://www.vba.va.gov/pubs/forms/vba-21-22a-are.pdf (last visited Sept. 30, 2022), *with* VA Form 21P-601 (Aug. 2022), available at http://www.vba.va.gov/pubs/forms/VBA-21P-601-ARE.pdf (last visited Sept. 30, 2022), *and* VA Form 21P-534 (Aug. 2021), available at https://www.vba.va.gov/pubs/forms/VBA-21P-534-ARE.pdf (last visited Sept. 30, 2022).

[2] At oral argument, Ms. Hicks's counsel suggested that it would have been futile for Ms. Hicks to file an accrued-benefits application with VA because VA would have simply denied her claim for SAH benefits as it had denied Mr. Smith's claim. Oral Argument at 54:00-54:55, 56:54-57:13. But an application for VA to determine one's eligibility to receive accrued benefits is not a request for a new decision on the merits at the VA level. As explained in *Breedlove*, it is a necessary part of the process for seeking substitution in an appeal before this Court. *See* 24 Vet.App. at 20-21.

6

been submitted to the Court before the veteran's death. *See Padgett*, 473 F.3d at 1367, 1369; *Suguitan*, 27 Vet.App. at 119; *Pekular*, 21 Vet.App. at 500. A case is "submitted to the Court" when the appellant's reply brief is filed, the time to file a reply brief expires, or the appellant waives the right to file a reply brief. *Pekular*, 21 Vet.App. at 505; *see Padgett*, 473 F.3d at 1369; *Breedlove*, 24 Vet.App. at 8. Here, none of those three events has happened; indeed, the parties have filed no merits briefs at all. Thus, the case has not been submitted for a decision and Ms. Hicks cannot receive nunc pro tunc relief. *See Pekular*, 21 Vet.App. at 505; *see also Padgett*, 473 F.3d at 1367, 1369.

Ms. Hicks's counsel asserted at oral argument that this first element of nunc pro tunc relief no longer applies because *Breedlove* generally eliminated the "zone of no substitution"[3] that existed before Congress enacted section 5121A and the Court issued *Breedlove*. Oral Argument at 49:00-50:00. We are not persuaded. This argument asks us to find that *Breedlove*, with its reasoning based on section 5121A, overruled *Padgett* and its progeny, which drew from federal courts' historical practice of ordering relief on a nunc pro tunc basis to ensure that no prejudice to the parties resulted from a court's own delay in rendering judgment on a submitted case. *See Padgett*, 473 F.3d at 1367 (citing, among others, *Mitchell v. Overman*, 103 U.S. 62, 64-66 (1880)).

Our decision in *Breedlove* did not and could not have overruled *Padgett*, a Federal Circuit decision holding that this Court can grant nunc pro tunc relief in certain circumstances. It therefore also did not overrule our cases relying on *Padgett* and applying the nunc pro tunc standard. *See, e.g.*, *Pekular*, 21 Vet.App. at 502-05. Instead, *Breedlove* began a different line of cases based on a then-new statute that introduced a separate, alternative basis for substitution. *See Breedlove*, 24 Vet.App. at 14-21. We see no authority that *Padgett* and its line of cases governing nunc pro tunc relief are no longer good law, despite their limited invocation post-*Breedlove*.[4] And this includes the well-established requirement for nunc pro tunc relief that a case must be submitted before the veteran's death.[5] *See Padgett*, 473 F.3d at 1367, 1369; *Suguitan*, 27 Vet.App. at 119; *Pekular*, 21 Vet.App. at 500.

### C. Substitution Under Rule 43(a)(2)

Ms. Hicks also argues that she may be substituted under Rule 43(a)(2) of the Court's Rules of Practice and Procedure. Resp. to April 2021 Order at 4-6. Under that rule, "the personal representative of the deceased party's estate or any other appropriate person may, *to the extent permitted by law*, be substituted as a party." U.S. VET. APP. R. 43(a)(2) (emphasis added). Ms. Hicks asserts that Rule 43(a)(2) broadly authorizes substitution and allows her to be substituted

---

[3] The pre-*Breedlove* "zone of no substitution" refers to when a "veteran died *after* issuance of the Board decision but *before*" the case had been submitted to the Court, making it impossible for the veteran's appeal to meet the first element of the nunc pro tunc standard. *Breedlove*, 24 Vet.App. at 20.

[4] Given *Breedlove*'s broader standard for substitution, it is unsurprising that few parties have sought nunc pro tunc relief under *Padgett* and *Pekular* in the years since we issued *Breedlove*.

[5] To be clear, our ruling today in no way alters the *Breedlove* line of cases or imposes a "zone of no substitution" on motions for substitution under *Breedlove*. In *Breedlove*, the Court established a new and doctrinally separate basis for substitution that avoided the "zone of no substitution" inherent in the nunc pro tunc standard. But as explained above, Ms. Hicks fails to meet the *Breedlove* standard.

for her father so long as she otherwise satisfies "[t]he general rules for legal standing." Resp. to April 2021 Order at 5-6.

But Rule 43 is simply a procedural mechanism for substitution. As the Federal Circuit recently stated when discussing substitution under the Federal Rules of Appellate Procedure, "[p]rocedural rules . . . do not resolve the question of what law of survival of actions should be applied in a case . . . but simply describe the *manner* in which parties are to be substituted." *Merritt v. Wilkie*, 965 F.3d 1357, 1360 (Fed. Cir. 2020) (internal alterations and quotations omitted). By allowing substitution "to the extent permitted by law," Rule 43(a)(2) explicitly leaves the substantive standard for substitution to be filled in by other authorities. U.S. VET. APP. R. 43(a)(2). And aside from an appeal to equitable considerations, Ms. Hicks provides no authority why we should abandon our existing substantive law governing substitution and replace it with a standard such as "[t]he general rules of legal standing." Resp. to April 2021 Order at 4-6. Her argument on this point is undeveloped, and we will consider it no further. *See Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain undeveloped arguments).

Finally, even if we assumed that Ms. Hicks could be substituted under Rule 43 and that VA accepted this substitution for the purpose of granting benefits, she fails to demonstrate that reimbursement under this avenue would be appropriate. *See Hilkert v. West,* 12 Vet.App. 145, 151 (1004) (en banc), *aff'd per curiam,* 232 F.3d 908 (Fed. Cir. 2000) (table). Ms. Hicks contends that § 36.4406(c) authorizes her, as a representative of Mr. Smith's estate, to receive reimbursement of SAH benefits. *See* Resp. to April 2021 Order at 12-13; Oral Argument at 16:18-17:13. Section 36.4406(c) provides:

> Should an eligible individual die before the Secretary disburses the full [SAH] housing grant, the eligible individual's estate must submit to the Secretary all requests for reimbursement within one year of the date the Loan Guaranty Service learns of the eligible individual's death. Except where the Secretary determines that equity and good conscious require otherwise, the Secretary will not reimburse an eligible individual's estate for a request that has not been received by [VA] within this time frame.

38 C.F.R. § 36.4406(c). To be clear, § 36.4406(c) specifically requires a request for reimbursement to be filed with VA *within one year* of the eligible recipient's death. Similarly as with the accrued-benefits theory addressed in Part III.A above, there is no evidence that Ms. Hicks submitted an application for reimbursement within one year of Mr. Smith's death.

## IV. CONCLUSION

After reviewing the parties' filings and hearing oral argument, the Court concludes that Ms. Hicks is entitled to neither substitution under *Breedlove* nor nunc pro tunc relief. Thus, we will deny the motion for substitution, vacate the Board's decision, and dismiss this appeal. *See Suguitan*, 27 Vet.App. at 123; *Breedlove*, 24 Vet.App. at 21.

On consideration of the above, it is

ORDERED that the Secretary's September 23, 2022, opposed motion to strike is denied as moot. It is also

ORDERED that Ms. Hicks's January 22, 2020, motion for substitution is denied. It is also

ORDERED that the July 29, 2015, Board decision is VACATED. It is also

ORDERED that this appeal is DISMISSED.

DATED: October 17, 2022

GREENBERG, *Judge, dissenting*: Today was an opportunity to clarify the Court's holding in *Breedlove v. Shinseki*, 24 Vet.App. 7, 21 (2010), and address the appellant's claim on the merits. I believe that the appellant is an eligible substitute party because she bore the expense of her father's last sickness. The Court should have considered the filing of the motion to substitute within a year consistent with *Breedlove* and congressional intent. Instead, the majority has created new case law rather than relying on precedent. *Breedlove* does not require a claimant to file an application for accrued benefits within one year after the date of the original claimant's death in order to be granted substitution at the Court. Instead *Breedlove* provides:

> The Court must first obtain from the Secretary a determination as to whether a particular movant is an eligible accrued-benefits claimant. This is a factual determination that, unless conceded by the Secretary on appeal, must be made by VA in the first instance. Those who are eligible to *make a claim* for accrued benefits are determined in accordance with [38 U.S.C. §] 5121. This Court may remand the question of whether a person qualifies as an accrued benefits claimant, stay the appeal until a determination by VA is made, or direct the Secretary to inform the Court of his determination within a set period of time. *See Zevalkink [v. Brown],* 102 F.3d [1236] 1244 [(Fed. Cir. 1996)].

24 Vet.App. at 20-21 (emphasis added). The above citation to section 5121 could only apply to section 5121(a) as this is the only section that pertains to who may "make a claim" for accrued benefits. The lone citation to section 5121(c) is part of the majority misreading of this sentence. The *Breedlove* Court stated:

> We note that if, when a veteran has died while an appeal is pending here, no one seeks substitution or the person seeking substitution is not an eligible accrued-benefits claimant, then Board vacatur and dismissal of the appeal would be the appropriate action. *See [United States v.] Munsingwear,* 340 U.S. 36, 41, 71 S.Ct. 104 (1950); *see Padgett [v. Nicholson],* 473 F.3d [1376,] 1370[(Fed. Cir. 2007)] ("Absent substitution, we would face the scenario contemplated by *Munsingwear.*"); *see also* 38 U.S.C. § 5121(c)("Applications for accrued benefits must be filed within one year after the date of death.").

*Id.* at 21 (emphasis added). The sentence exclusively deals with substitution at the Court and the appropriate remedy when a claimant does not seek substitution or an ineligible claimant seeks to be substituted. The Court should have clarified today that, under *Breedlove,* claimants had one

9

year to file a motion to substitute with the Court and that nothing has to be filed with VA.  This would have been consistent with *Breedlove*'s holding that 38 U.S.C. § 5121A does not apply to the Court.  *See* 24 Vet.App. at 8.  The appellant filed her motion within one year of her father's death and VA was therefore timely notified of her desire to seek substitution at the Court.  The Court should have considered her claim on the merits and, for this reason, I dissent.